# Riggs *v.* Brewer.

*Application for Mandamus to State Auditor, at suit of Marshal and Librarian of Supreme Court.*

1. *Laws fixing salaries of public officers, and laws making appropriations.* When the salary of a public officer is fixed by law, it requires no special appropriation to give it effect; and a subsequent statute, merely appropriating a less sum to pay his salary, would not operate a repeal of the general statute by implication, unless such legislative intention clearly appeared.

2. *Salary of marshal and librarian of Supreme Court.*—The annual salary of the marshal and librarian of the Supreme Court being fixed at $2,000 by the general statute (Code, § 586); while the subsequent law, making appropriations for the fiscal years 1879 and 1880, appropriated "for compensation of the marshal and librarian, $1,500 in each year, in all $3,000;" which appropriations were continued in force until the 1st January, 1881, while the fiscal

[Riggs v. Brewer.]

year ends on the 30th September in each year; and it was further declared that these appropriations "shall not be construed to be in addition to appropriations for the same purposes" made by any other laws; *held, per tot cur.*, that the marshal and librarian was not, during the years 1879 and 1880, entitled to draw more than $1,500 as his annual salary : BRICKELL, C. J., holding that the appropriation law repealed the general statute; MANNING, J., that it suspended the operation of the general statute, leaving the residue of the fixed salary to be provided for by a future appropriation.

3.   *Repealing statutes by implication.*—The repeal of statutes by implication is not favored, and is never allowed when a reasonable field of operation can, by any just and fair construction, be found for each statute; but, when there is a manifest repugnancy between the two statutes, or when the later shows a clear legislative intention that it shall be the only rule governing in reference to the particular matter, it necessarily repeals the former statute. (*Per* BRICKELL, C. J.]

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

In this case, an application by petition was made by Junius M. Riggs, the marshal of the Supreme Court and librarian, for a *mandamus* against Willis Brewer, the State auditor, requiring that officer to draw his warrant on the treasurer, in favor of the petitioner, for $166.66, as the salary due the petitioner for the month of February, 1879. The petition was filed on the 13th March, 1879, and was verified by affidavit. The petitioner claimed that his salary was fixed by the general law, as found in the Code (§ 586), at $2,000 *per annum ;* while the auditor insisted that, under the terms of the statute making appropriations for the years 1879 and 1880 (Sess. Acts 1879-80, pp. 28-31), he was only entitled to $1,500, payable monthly as in other cases. There was no dispute as to the facts ; and on the question of law, as presented by the pleadings, all other questions being waived, the court held that the appropriation law governed the amount of the salary, and therefore dismissed the petition. From this decision and judgment the petitioner appealed, and he here assigns it as error.

JOHN W. A. SANFORD, and THOS. H. WATTS, for appellant, cited *Nichols v. Comptroller,* 4 Stew. & P. 154; *Taylor v. Reynolds,* 43 Ala. 420; *Thomas v. Owens,* 4 Maryland, 189; *Roberts v. Auditor,* 4 Neb. 216.

H. C. TOMPKINS, *contra.*—The auditor can not draw his warrant on the treasurer, unless expressly authorized and required by law. A general statute, fixing the salary of a public officer, does not, of itself, amount to an appropriation, nor dispense with the necessity for an appropriation. The present constitution prohibits the payment of money out of the treasury, " except upon appropriations made by law ;" and there

[Riggs v. Brewer.]

is a further provision, that the general appropriation bill "shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments;" clearly showing an intention that appropriations were necessary for those purposes. These constitutional provisions had their origin in the recognized power of the people, from the earliest days of English history, to withhold supplies from their servants, the officers of the government, as one of the most effective checks upon the abuse of power by them. By the constant practice of the United States government at Washington, the necessity of express appropriation laws has been always recognized, under similar constitutional provisions; and the wheels of government have been locked, as the court will judicially know, by the failure to pass such laws. None of the cases cited for appellant sustains the contrary view, except that of *Taylor v. Reynolds*, 43 Ala. 420, which is unsupported by authority. All the others will be found, on examination, to involve other provisions, or to depend on special facts. Even if the general statute can be held an appropriation law, it is then only placed on the footing of the general appropriation law, and must yield to it, as the latest exposition of the legislative will. The two cover the same ground, and they can not stand together. The later law shows a legislative intention to repeal all other inconsistent laws, and that effect must be given to it.—*Ex parte Pollard*, 40 Ala. 98; *Key v. Jones*, 52 Ala. 2ö8; 53 Ala. 589.

BRICKELL, C. J.—The statute (Code of 1876, § 586) fixed the salary of the marshal and librarian of the Supreme Court, at two thousand dollars annually. The salary being thus fixed by a general statute, permanent in its nature, no special appropriation by the General Assembly was necessary, to entitle him to demand payment of it, nor to authorize the auditor to draw a warrant on the treasurer for its payment. The statute, of itself, operated as an appropriation, and satisfied the constitutional requirement that money shall be drawn from the treasury only upon appropriations made by law. *Nichols v. Comptroller*, 4 St. & Port. 154; *Reynolds v. Taylor*, 43 Ala. 420. A subsequent statute, merely appropriating a less sum than that fixed as the salary by the general statute, would not operate a repeal by implication of the latter.—*Reynolds v. Taylor, supra.*

The act of February 13, 1879, entitled "An act to make appropriations for the fiscal year ending September 30, 1879, and September 30, 1880" (Pamph. Acts,1878-9), contains this clause, among others: "For compensation of the marshal of the Supreme Court and librarian, fifteen hundred dollars for

[Riggs v. Brewer.]

each year—in all three thousand dollars." The second section provides : " That the appropriations hereinbefore made in this act be, and are hereby, continued in force until January, 1881." The third section reads : " That the appropriations made by this act shall not be construed to be in addition to appropriations for the same purposes, or any of them, made by separate acts heretofore or hereafter passed at this session of the General Assembly, or by laws heretofore passed and still in force."

Statutes may be repealed by implication, or by express legislative enactment ; and it is well settled, that a subsequent statute, which is clearly repugnant to, and inconsistent with a former one, operates a repeal of the latter. Or, if the later statute is manifestly and plainly intended to prescribe the only rule that shall govern in reference to the particular matter, it necessarily repeals the prior statute.—Sedg. Stat. & Cons. Law, 104. It is true, the doctrine of the repeal of statutes by implication is not favored ; and when two statutes are capable of a fair and just exposition, so that the two can stand, that exposition will be adopted, rather than a construction which will render the latter a repeal by implication of the former.— *Wyman v. Campbell*, 6 Port. 219. But, if they are not capable of such exposition, without doing violence to the legislative intent—if there is a manifest repugnancy of the one to the other—the former statute must yield to the last expression of the legislative will.— *George v. Skeates*, 19 Ala. 738.

Applying these established rules of construction to the case presented by the record, the relator has not the right he asserts. It seems too plain for argument, that the legislative intention was that, for the fiscal years of 1879-80, and until the first day of January, 1881, the salary of the marshal and librarian should be fifteen hundred dollars annually. All that is appropriated for that purpose, and for that period, is three thousand dollars —*in all three thousand dollars*, are the words employed. The fiscal year expires on the 30th day of September. The appropriation is continued of force until the first of January, 1881, as the General Assembly would not convene until the preceding second Tuesday in November. Without this provision, or with an appropriation continuing only during the fiscal year, after its expiration, under the general statute, the marshal would have been entitled to a salary of two thousand dollars. To avoid this result, is the purpose of this provision. The last section of the act, declaring that the appropriations thereby made are not to be construed as in addition to former appropriations for the same purposes, points clearly to a legislative intention to

[Riggs v. Brewer.]

exclude all other appropriations. The general statute, fixing the salary at two thousand dollars, can not stand consistently with the later statute, which was doubtless intended as a substitute during the time by its own terms it remains of force. The obvious difference between this case and that of *Reynolds v. Taylor, supra*, is that the statute then construed by the court did not contain such a clear and plain intention to take the place of the former statute, as is shown by the act of February 13, 1879.

The judgment of the City Court must be affirmed.

MANNING, J.—There is a difference, it seems to me, between an act prescribing the salary of an office, and an act making appropriations for the payment of a salary, notwithstanding the former, according to decisions long since made and repeated in this State, operates as a standing appropriation act, also requiring payment of the salary. I see no reason why, in a case where the constitution does not prohibit the reduction of the salary involved, the legislature may not prevent the salary act from operating as an appropriation act, and, to that extent, modify it, without changing the salary to which the officer may be entitled. Thus, if in a general appropriation act a certain sum, less than the amount of the salary, and no more, is expressly appropriated for a particular office during the period covered by the act, this would operate to prevent, during that period, the payment of a larger sum, without taking away the just claim of the officer to have the deficiency made up by a future appropriation. This results from the different nature or office, in some respects, of the two acts.

Such a conclusion derives support from another provision of the act under consideration. The appropriations are made for the fiscal years, which end on the 30th of September in each year, and that day in the second year comes some time before the next biennial session of the legislature. To cover the *hiatus*, during which payments from the treasury would otherwise stop, the appropriations are continued by the act to the 1st of January afterwards, before which time the legislature will have re-assembled; and the appropriations are made for the payment of salaries at the same rates during that period, as prior to it. But, before the first of January, the salaries of many officers provided for in the act are to be reduced, by statutes that have been passed to change them; and if paid as much as the appropriation act provides, these officers would receive more than by those salary acts they would be entitled to. I think this was not the intention of the legislature, and that therefore we should hold that the

salaries are not changed by the act appropriating more or less than is sufficient to pay such officers; but only that the appropriations are deficient, or excessive; and that, if deficient in the case of any particular officer, the legislature will hereafter provide for the payment of the balance due to him.

I concur in the judgment refusing the writ of *mandamus*.