# Standard Oil Company *v. The State.*

## *Violating Revenue Law.*

(Decided June 12, 1912.   59 South. 667.)

1. *Statutes; Certainty; Oil Tanks; Taxation.*—That provision of Acts 1911, p. 176, section 23, providing that those using oil tanks shall pay an annual tax 'on each tank of more than 100 gallons capacity, $2.50.   In all other places, on each tank of more than 100 gallons capacity $5.00," is void for uncertainty as it gives no indication ·on what basis the difference in charge is to be made.

2. *Statutes; Construction.*—The court will adopt any reasonable construction of which a statute is susceptible, in order to avoid nullifying the same, but will not give to its language an impossible meaning.

3. *Same; Validity.*—The invalidity of section 23, Acts 1911, p. 176, does not affect the remainder of the act.

(McClellan, J., dissents.)

Question certified from Court of Appeals.

The Standard Oil Company was convicted of violating the Revenue Act, approved March 31, 1911 (Acts 1911, p. 176) § 23, and questions relative to the validity of such section are submitted to the Supreme Court. Questions answered.

See, also, 59 South. 668.

Certified Questions to Supreme Court:

'Under the provisions of the statutes in such cases made and provided, the following questions are hereby submitted to the Supreme Court for determination:

"(1) Is section 23 of the act entitled 'An act to further provide for the revenue of the state of Alabama,' approved March 31, 1911 (Acts 1911, p. 176)., void because of being vague, indefinite, or uncertain in its terms as to the amount of tax imposed?

"(2) Is said section 23 void because of discrimination in favor of the owners of oil mills?

[Standard Oil Company v. The State.]

"(3) Would an agency, person, firm, or corporation be liable for the paymeent of the tax imposed by this section (23) when it had paid the license tax required to be paid by subdivision 66 of section 2361 of the Code of 1907, and was doing business under a license issued under subdivision 66 of section 2361?

"The above questions are submitted as abstract propositions, as directed by the statute, reference being made to the case in which the question arises, for the convenience of the Supreme Court.

"R. W. Walker,

"Presiding Judge.

"Edward De Graffeenried,

"John Pelham,

"Judges."

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. Section 23, Acts 1911, is void for uncertainty.—*Exparte Pollard,* 40 Ala. 77; *Vines v. State,* 67 Ala. 76. Said section also discriminates in favor of oil mill owners.—*City Council of Montgomery v. Kelly,* 142 Ala. 556; *Quartlebaum v. State,* 79 Ala. 4; *Phoenix C. Co. v. State,* 118 Ala. 151; *Lawton v. Steele,* 152 U. S. 137; 96 Ky. 166; 77 Am. St. Rep. 765; 55 N. E. 707.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Stautes are to be construed if possible to give effect to each clause. —*Brooks v. Mobile School Commissioners,* 131 Ala. 227; *Lindsey v. U. S. S. & L. Co.,* 127 Ala. 366. Where there are valid and invalid provisions, and the invalid provisions may be stricken so as to leave an enactment complete within itself, the enactment will be upheld and enforced as to that which is valid.—*Thornton v.*

*Bramlett,* 155 Ala. 417; *State v. Davis,* 130 Ala. 148. Counsel cite authority to show that the statute is not unconstitutional because exempting the cotton seed oil mills keeping tanks for the storage of their own order. —*Mobile R. R. Co. v. Kennerly,* 74 Ala. 566; *Commissioners v. Woodstock,* 82 Ala. 151; *State v. Bible Society,* 134 Ala. 632.

SAYRE, J.—The Court of Appeals has certified to this court for determination the following question, among others: Whether section 23 of the act entitled "An act to further provide for the revenue of the state of Alabama," approved March 31, 1911 (Acts 1911, p. 176), is void because of being vague, indefinite, and uncertain in its terms as to the amount of the tax imposed? The section inquired about is in this language: "Oil Tanks.—For each person, firm or corporation using an oil tank for storing oil of any kind or from which tank oil is sold or delivered, the following annual taxes shall be paid: On each tank of more than one hundred gallons capacity two dollars and fifty cents. In all other places on each tank of more than one hundred gallons capacity, five dollars: Provided, this section shall not apply to cotton seed oil mills keeping tanks for storing their own oil." Section 33G of the same act declares that "it shall be unlawful for any person, firm or corporation to engage in or carry on business, or any act for which a license or franchise tax is by law required without having first paid for or taken out a license therefor in the manner as provided by law."

Rather than nullify the section on the ground of uncertainty, the court will seek out and adopt any reasonable construction of which it is susceptible; but "when the language of an act appears on its face

to have a meaning, but it is impossible to give it any precise or intelligible application in the circumstances under which it was intended to operate, it is simply void."—26 Am. & Eng. Encyc. 656. The intention of the Legislature must be ascertained from the words of the section. "The court may not allow conjectural interpretation to usurp the place of judicial exposition. There must be a competent and efficient expression of the legislative will."—*State v. Partlow,* 91 N. C. 550, 49 Am. Rep. 652. It is clear that the section intends to exact a license tax of persons using oil tanks of more than 100 gallons capacity, and that the tax in no case shall be less than $2.50 for each tank. But it is indisputable, also, that the intention was to exact a tax of $5 for each tank at some points, places, localities, or communities in the state. There is not, however, in the section the faintest hint which would lead to an ascertainment whether, in any particular place, county, city, or town, the license is fixed at $2.50 or $5. It is suggested that in any case the person, firm, or corporation who uses an oil tank for storing oil without a license violates the law, and that the difficulty as to the amount of the license tax may be deferred until the question shall arise on application to the probate judge for a license. But if no license can be had under authority of law, there can be no violation of the statute. It would be as much a violation of law for the probate judge to issue a license on the payment of $2.50 for using a tank in a place where the Legislature intended that $5 should be paid, as it would be to exact $5 in a case where the intention was that $2.50 only should be paid. In one case the license would afford no protection. In the other the exaction would be an extortion. There is no cy pres doctrine in the interpretation of statutes. For the court to say that

the statute will be satisfied by a uniform charge of $2.50 throughout the state would involve it, not only in a clear assumption of legislative power, but in a clear denial of the right of the Legislature to determine for itself the consideration on which a license shall issue; for it is as plain as anything else in the act that it was the intention to fix the tax at $5 in some places.  The case presented is not one in which insensible words may be eliminated; for the words which it is proposed to eliminate are not insensible in themselves, but only so because of their reference to some other unexpressed intention of the lawmakers which is past finding out.  They demonstrate, not only their own inefficiency, but also the incompleteness of the preceding provision of the section, without affording any clue as to what it would be in its complete state.  To give the section the meaning contended for would establish for it a meaning that the Legislature clearly did not intend.  Being unable to ascertain and declare the legislative will, inscrutable in essential part, and being denied the legislative function under the Constitution, the court has no recourse but to declare the section void and of no effect.  This, of course, has no effect upon the remainder of the act.—*Vines v. State,* 67 Ala. 73.

The Court of Appeals, for our convenience, has certified the transcript of the record of the case there pending.  From that record it appears that the several questions propounded have arisen in a case in which the Standard Oil Company was indicted and convicted for a violation of section 23 of the general revenue law of 1911.  We apprehend that our conclusion in respect to the uncertainty of the section will remove any occasion or necessity for a response to other questions.  They have therefore been pretermitted.

Let this be certified. All the Justices concur, except McCLELLAN, J., who dissents.

McCLELLAN, J.—(dissenting.)—I am unable to concur in the response above made, by the majority to the first question certified, viz.: "Is section 23 of the act entitled "An act to further provide for the revenue of the state of Alabama," approved March 31, 1911, * * * void because of being vague, indefinite, or uncertain in its terms as to the amount of the tax imposed?" The section is quoted in the majority opinion. It is plain upon the face of the section that the Legislature intended the taxing of *defined oil tanks.* It is said that this clearly expressed purpose shall fail because the amount of the tax is not definitely fixed in the section—that it is uncertain whether the tax imposed shall be $2.50 or $5.00.

In my opinion, the words, *"in all other places on each tank of more than one hundred gallons capacity, five dollars,"* may be stricken from the section without destroying the other, clearly made, unqualified provision for a tax of $2.50 on each tank above the prescribed capacity. In introducing the italicized words the lawmakers simply put into the section an wholly meaningless expression. The words, in themselves, are, of course, clear; but, having made no antecedent thereto provisions in the section for *places* of any description, the reference to *all other places* became and is entirely unintelligible. The true question then is: Will a meaningless expression in a statute infect with invalidity other provisions that are plain and definite to the last degree? It is not a matter of leaving uncertain, undefined, in the statute, the *application* of the law to one of two or more like objects, as was the case in *State v. Partlow,* 91 N. C. 550; 49 Am. Rep. 652. In

such cases, of course, the courts cannot *select* for the lawmakers. That is not a judicial function. Nor does the condition with which we are here concerned fall within the familiar class of cases where a statute contains a part or parts that are invalid for violation of, or nonconformity to, constitutional requirements to the valid enactment of laws. In that class of cases the question becomes one of separation, severability of *intelligible* provisions of the law; and, if the void parts are independent of the valid, and when cut off leave a complete enactment, sensible and capable of being executed, the valid parts must be sustained. That rule cannot operate where the invalid expresses nothing— is a vain combination of words, following that which is clearly, intelligibly set down. It would seem to be an obvious anomaly to assert that that which is plainly expressed is rendered uncertain in meaning by that which expresses nothing in intelligible form. If the section had provided *without reference to all other places,* for a tax of $5 following one for half of that sum, we should then have such an uncertainty in the expression of the legislative will as that the doctrine of *State v. Partlow, supra,* would apply. The word "other," qualifying "places," signifies places *different* from those which had been specified. Having fixed the tax of $2.50 without reference or regard to *any* place, the condition to the imposition of the $5 tax is afforded nothing whatever, in the section, to which to refer it. It is in the air, as it were, and is, therefore, meaningless.

As a practical matter, the effect of eliminating the indicated part of the section will not, cannot, prejudice the appellant; for the consequence, would be to exact the payment of the *lesser* tax.