# Pendley v. Commissioners Court of Fayette County.

## Certiorari to Quash Establishment of Stock Law District.

(Decided February 12, 1914.   64 South. 592.)

*Statutes; Uncertainty; Stock Law.*—Notwithstanding the provisions of Acts 1898-9, p. 1517, the Code system for establishing stock law districts is operative in Fayette county, as said statute is uncertain and ineffectual.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Certiorari on the part of B. F. Pendley to quash an order establishing a stock law district in Fayette county, entered by the commissioners' court of said county. From a judgment quashing the certiorari, plaintiff appeals.   Affirmed.

RAY & COONER, for appellant.   Counsel insist first that the proceedings to establish stock law as set out in the Code of 1907, are not in effect in Fayette county at the time these proceedings were had, and they further insist that the stock law as set out in the Code is unconstitutional.—*Savage v. Wallace,* 165 Ala. 572; *Thornton v. Bramlett,* 155 Ala. 417; *Mayfield v. Tuscaloosa County,* 148 Ala. 548; *Blount County v. Johnson,* 145 Ala. 553.

BEASLEY & WRIGHT, for appellee. No brief reached the Reporter.

SAYRE, J.—By a writ of certiorari appellant sought to quash a proceeding in the commissioners' court of Fayette county by which a stock-law district had been established. The writ was quashed in the circuit court, and from that judgment this appeal was taken.

It is agreed that the proceeding to establish the stock-law district was had according to the provisions of the Code (chapter 139) ; but appellant insists that the commissioners' court should have followed the act of February 23, 1899 (Acts 1898-99, p. 1517), his theory being that the Code did not govern the proceeding, for the reason that the reservation in favor of local statutes made by the Code at the time of its adoption and the practical destruction of the intervening local act of March 5, 1901 (Acts 1900-01, p. 2646), by the decision in *Savage v. Wallace,* 165 Ala. 572, 51 South. 605, left the act of February 23, 1899, fully and efficiently operative in the county.

Our judgment is that appellant's contention cannot be sustained, and that the circuit court properly held the law of the Code to be operative in Fayette county. This for the reason that the act of February 23, 1899, is open to the criticism, and has the fault we visited upon the act of March 5, 1901, as will appear upon a consideration of the first-named act in connection with the opinion in *Savage v. Wallace.*

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.