186 So. 731

In re OPINION OF THE JUSTICES.

No. 49.

Supreme Court of Alabama.

Feb. 23, 1939.

To The Justices of the Supreme Court of Alabama.

Gentlemen:

Under Section 10290 of the Code of Alabama, 1923, I hereby request an opinion of the Justices of the Supreme Court on the following important constitutional questions in regard to Act No. 32, Senate Bill No. 42, which I approved on February 16, 1939, and which is in words and figures as follows:

\* \* \* \* \* \*

"Section I. That the Governor is hereby authorized and empowered to fix the salaries of the officers and employees in the Governor's office, including the Governor's Legal Advisor, the Director, Commissioner, or Chief Executive Officer of the Banking Department, State Highway Commission, the State Tax Commission, the State Board of Administration and associate member thereof, the Public Welfare Department, the Unemployment Compensation Commission, the Bureau of Insurance, the Alabama Highway Patrol, the Alcoholic Beverage Control Board, the Department of Labor, the State Docks Commission, the Department of Military and Naval Affairs, the Chief Mine Inspector, the State Forestry Commission, the Alabama Real Estate Commission, the Comptroller, the Peoples Public Service Attorney, and the Capitol Custodian, or the Director, Commissioner, or Chief Executive Officer of such other executive departments of the State as may hereafter be created in addition to or in lieu of the foregoing named departments; and the Director, Commissioner, or Chief Executive Officer of the foregoing departments or such departments as may hereafter be created in addition to or in lieu of said departments is authorized, with the approval of the Governor, to fix the salaries of all subordinate officers and employees in their respective departments, provided that no salary shall be in excess of Five Thousand Seven Hundred Dollars ($5,700) per annum.

"Section II. If any paragraph, sentence, provision or word of this Act be held invalid by any court of competent jurisdiction such holding shall not affect any other paragraph, sentence, provision or word of this Act, the Legislature hereby declaring that the provisions of this Act are severable and that it would have enacted the same without such invalid paragraph, sentence, provision or word.

"Section III. All laws or parts of laws, general, special, private or local providing otherwise are hereby repealed.

"Section IV. This Act shall become effective upon its passage."

1. Does said Act make an appropriation of monies sufficient to pay the salaries of the officers and employees fixed as therein provided for within the meaning of Section 72 of the Constitution?

2. Would the State Comptroller legally be authorized under the provisions of said Act to draw his warrants on the State Treasury for the amounts of the salaries of the officers and employees fixed as therein provided for over and above the amounts appropriated for that purpose in the General Appropriation Act of 1935?

3. If you determine that the Act provides an appropriation sufficient to pay the salaries of the officers and employees so fixed, out of which fund or funds in the State Treasury should such salary payments be made?

In the event you should answer questions numbered one and two in the negative, I respectfully request your opinion on the following important constitutional questions in regard to House Bill No. 300, by Mr. Jones, introduced in the House of Representatives on February 21, 1939, and referred to the Committee on the Judiciary:

\* \* \* \* \* \*

"Section 1. That an Act entitled 'An Act to provide for the fixing of salaries in certain executive departments of the State by authorizing the Governor to fix the salaries of the officers and employees of the Governor's office, including the Governor's Legal Advisor, the Director, Commissioner or Chief Executive Officer of the Banking Department, the State Highway Commission, the State Tax Commission, the State Board of Administration and associate member thereof, the Public Welfare Department, the Unemployment Compensation Commission, the Bureau of Insurance, the Alabama Highway Patrol, the Alcoholic Beverage Control Board, the Department of Labor, the State Docks Commission, the Department of Military and Naval Affairs, the Chief Mine Inspector, the State Forestry Commission, the Alabama Real Estate Commission, the Comptroller, the Peoples Public Service Attorney, and the Capitol Custodian, or the Director, Commissioner, or Chief Executive Officer or such other executive departments of the State as may hereafter be created in addi-

tion to or in lieu of the foregoing named departments; and to authorize the Director, Commissioner, or Chief Executive Officer of the foregoing departments as may hereafter be created in addition to or in lieu of said departments, with the approval of the Governor, to fix the salaries of all subordinate officers and employees in their respective departments, provided that no salary shall be in excess of Five Thousand Seven Hundred Dollars ($5,700.00) per annum; and to repeal all laws in conflict with the provisions of this Act', approved February 16, 1939, be and the same is hereby amended by adding thereto the following sections:

"Section I(a). There is hereby appropriated annually out of the General Fund in the State Treasury a sum of money sufficient to pay the salaries of the officers and employees of the departments specified in this Act, whose salaries are now payable in whole or in part out of the General Fund.

"Section I(b). There is hereby further appropriated annually out of the several special funds in the State Treasury from which the salaries of any of the officers and employees of the departments specified in this Act are now payable in whole or in part sums of money sufficient to pay the salaries of the officers and employees of the departments specified in this Act whose salaries are now payable in whole or in part out of said special funds respectively.

"Section 2. That this Act shall become effective upon its passage and approval by the Governor or its otherwise becoming a law."

1. Would the provisions of said bill if enacted into law offend Section 45 of the Constitution?

2. Would the provisions of said bill if enacted into law offend Section 71 of the Constitution?

3. If it would not violate either of the above mentioned sections of the Constitution if it is enacted into law, would it provide sufficient appropriations to pay the salaries of the officers and the employees fixed as provided in Act No. 32, supra, within the meaning of Section 72 of the Constitution?

4. If it is enacted into law, would the State Comptroller be legally authorized under the provisions thereof to draw his warrants on the State Treasury for the amounts of the salaries of the officers and employees fixed as provided for in Act No. 32, supra, over and above the amounts appropriated for that purpose in the General Appropriation Act of 1935?

5. If your answer to question numbered four in regard to said House Bill No. 300, by Mr. Jones, is in the affirmative, out of which fund or funds in the State Treasury should such salary payments be made?

Cordially Yours,

Frank M. Dixon,

Governor.

Honorable Frank M. Dixon
Governor of Alabama
Montgomery

Sir:

■ Replying to your inquiries of February 21, 1939, touching Act No. 32, Senate Bill No. 42, approved February 16, 1939, we respectfully submit: We must answer your inquiries number one and two in the negative.

■ It is the law that an act which creates an office and fixes a definite salary by law carries an appropriation to pay the salary from time to time. Riggs v. Brewer, 64 Ala. 282. This because the law fixes the amount which the treasurer shall pay from time to time, but the act in question merely authorizes the governor to fix salaries of certain officials, not exceeding a fixed maximum, and authorizes the department heads, with the approval of the governor, to fix the salaries of subordinate officers and employes in the respective departments.

We are, therefore, of the opinion that the act is not within the rule of Riggs v. Brewer, supra, and does not carry an appropriation authorizing payment from the state treasury.

■ This brings us to consider your further inquiries touching pending House Bill No. 300. We respectfully answer your inquiries numbered 1 and 2 in the negative, and numbered 3 and 4 in the affirmative, with the following limitation as to inquiry numbered 1.

Under Section 45, the title of this bill should conclude after the words "February 16, 1939", "so as to read as follows." Then the Act No. 32, as amended, should be set out and re-enacted in full with the proposed amendments.

■ Amending bills by the mere additions of sections, not setting out the origi-

nal act, has been condemned in our decisions. Ferguson v. Commissioners' Court, 187 Ala. 645, 65 So. 1028. See Skinner's Alabama Constitution, Annotated, p. 356.

█ While the appropriation is indefinite in amount, such appropriations have been approved in our former decisions. State ex rel. Turner v. Henderson, Governor, 199 Ala. 244, 74 So. 344, L.R.A.1917F, 770.

Whether the proposed appropriation, if made by original bill, would offend Section 71 of the Constitution, it is unnecessary to decide.

There is unity of subject in the act amended and in the proposed act as amended. It would have been entirely proper to incorporate appropriations of this sort in Act No. 32 in the beginning, and the same unity of subject applies to the amendment proposed.

Sections now numbered 1(a) and 1(b) sufficiently define the funds from which the various salaries are to be paid. We, therefore, refer to these subdivisions in answer to your inquiry numbered 5.

Respectfully submitted,

JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
A. B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.