11 So.2d 766

**CARTER v. STATE.**

**I Div. 433.**

Court of Appeals of Alabama.

Jan. 12, 1943.

Bentley G. Byrnes and Joseph F. Blasi, Jr., both of New Orleans, La., for appellant.

Wm. N. McQueen, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

In this case we made certification to our Supreme Court as follows, to-wit:

"There is pending in our court an appeal styled as above, wherein against appellant it was charged, that, within twelve months prior to the making of the affidavit, he did, 'without a just cause or legal excuse, wilfully or wantonly instruct or order Sidney Harrell, as manager of the Mobile office of Motor Terminal Transportation Company, not to permit Bradley and Tallant Realty Company, Inc., a corporation to obtain possession of nine bundles of lumber and eight crates of lumber, the property of said Bradley and Tallant Realty Company, Inc., said act by said Leo Carter being with intent or with

reason to believe that such act would injure, interfere with, hinder, delay or obstruct the lawful business or enterprise of said Bradley and Tallant Realty Company, Inc., in which persons were employed for wages, against the peace and dignity of the State of Alabama.'

"After the conviction of appellant in the Inferior Criminal Court of Mobile County, he appealed to the Circuit Court of said County; was again convicted, and brings this appeal. His trial was before the court sitting without a jury, and judgment was rendered 'finding defendant (appellant) guilty as charged in the complaint.'

"The evidence supported the allegations made.

"It will be observed that the charge made against appellant, and upon which he was convicted, followed substantially the language of Code 1940 Tit. 14, § 59.

"By appropriate demurrer appellant has raised and presented to us the question: Is or is not said Sec. 59 of Title 14, Code of Alabama of 1940—identical with Sec. 3452 of the Code of 1923—in violation of any subsisting constitutional provision, either State or Federal—especially the first and fourteenth amendments of the Constitution of the United States, and Article 1, Sec. 6 of the Constitution of Alabama of 1901?

"We have reached the conclusion that said Sec. 59 of Title 14 of the Code of 1940 is unconstitutional and void under the reasoning and, by analogy, the holding, of the Supreme Court of the United States in the case of Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093, wherein Sec. 3448 of the Code of Alabama of 1923, Code 1940, Tit. 14, § 55, was struck down by that Court.

"Being, of course, without authority to declare said section unconstitutional, we hereby, under the provisions of Code 1940, Tit. 13, § 98, certify to you the question hereinabove set out as being posed for us.

"For your convenience the record submitted here in the appeal in question is handed to you with this. (Code 1940 Tit. 13, § 87(?))."

To the above certification the Supreme Court, all Justices concurring, made Per Curiam response as follows, to-wit:

"We are not of opinion that the statute, Code 1940, T. 14, § 59, on its face deals with the freedom of speech or the press, or in any way interferes therewith. Therefore the holding of the United States Supreme Court in Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093, is not an apt authority.

"We are of opinion, however, that the first subdivision of said statute on which the prosecution is rested is void for uncertainty in the expression of the legislative intent. Standard Oil Co. v. State, 178 Ala. 400, 59 So. 667; 59 C.J. pp. 601, § 160.

"Said Section 59 provides, inter alia, 'Any person, firm, corporation or association of persons who, without a just cause or legal excuse, wilfully or wantonly does any act with the intent or with reason to believe that such act will injure, interfere with, hinder, delay, or obstruct any lawful business or enterprise, in which persons are employed for wages; * * * shall be guilty of a misdemeanor.'

"The misdemeanor is left to stand not upon the result or effect of the act but upon 'the intent or with reason to believe that such act will injure, interfere with, hinder, delay, or obstruct,' a lawful business or enterprise. Otherwise stated, the mental attitude of the actor, which may have no effect at all, is the sine qua non of the misdemeanor.

"'An act of the legislature, to have the force and effect of a law, must be intelligibly expressed. Where the terms of an act are so vague as to convey no definite meaning to those whose duty it is to execute it, ministerially or judicially, it is inoperative. A mere collection of words alone cannot constitute a law. * * *' 59 Corpus Juris, p. 601, § 160; Standard Oil Co. v. State, supra; United States v. Missouri Pac. Ry. Co., 8 Cir., 213 F. 169, 130 C.C.A. 5.

"This statute goes deeper than to punish one for what he may express in words. It seeks to punish one for what he thinks or believes, regardless of the potency or impotency of the act prompted by thought or belief, to accomplish the result intended or believed to follow such act. This is a legislative abuse of the police power of the state. 6 R.C.L. p. 188, § 187, p. 198, § 194; Mugler v. Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205; Eidge v. City of

Bessemer, 164 Ala. 599, 605, 51 So. 246, 26 L.R.A.,N.S., 394.

"We express no opinion as to the validity of the last subdivision of this section of the code, but the foregoing expresses our views as to the provisions quoted.

"Let this be certified to the Court of Appeals.

"All the Justices concur."

As we read the above quoted response of our Supreme Court, that Court holds the part of § 59, Title 14 of the Code of 1940, upon which this prosecution is based to be unconstitutional and void. This of course concludes us. Code 1940 Title 13, § 98.

It results, the judgment of conviction must be and is reversed; and the appellant ordered to be discharged.

Reversed and rendered.