32 So.2d 812

### DEWRELL v. KEARLEY.

4 Div. 465.

Supreme Court of Alabama.

Nov. 28, 1947.

Rehearing Denied Dec. 18, 1947.

E. O. Baldwin, of Andalusia, for appellant.

Edw. F. Reid and Frank J. Tipler, Jr., both of Andalusia, for appellee.

SIMPSON, Justice.

The decisive question is presented by the appellee's motion to strike the stenographer's transcript of the evidence.

This brings under review the present statute designed to abolish bills of exceptions, which is a complete rewrite of the original 1943 act and is Act No. 352, Acts of 1945, pp. 567 et seq., and codified in the supplement of the 1940 Code under Title 7, as § 827(1)–827(7), inclusive.

This latter mentioned, 1945, act, in our opinion, is unworkable and for that reason we are remitted to no other alternative but to declare it void. The act allows ninety days after the taking of an appeal for the filing with the clerk of the reporter's transcript of the evidence, § 5, and at the same time provides that after the filing of the transcript either party may file objections thereto within ten days, after which an additional fifteen days is given for a hearing on the objections by the trial judge, and then an additional fifteen days is allowed for the trial judge to settle the objections. Thus a total of forty days is allowed for such procedure. But, the act stipulates that "such hearing and the order thereon shall be concluded within ninety days from the date of the trial or the date of the ruling on a motion for new trial." General Acts 1945, p. 568, § 1; Code Supplement, Title 7, § 827(1).

The inconsistencies are quite manifest. While this maximum of forty days is allowed for the filing and settling of the objections after the transcript has been filed, the reporter may file the transcript at any time within the ninety-day period, yet the entire procedure must be completed within the same ninety days. This under conditions would be impossible of execution.

The situation presented by the present record is illustrative. The transcript was filed on the ninetieth day after the ruling on the motion for a new trial and the trial judge very properly refused to hear and settle the appellee's objections to it (thereafter filed within the prescribed ten-day period) because he was without power to act after the ninety-day period by reason of the act's proviso quoted above stipulating that the entire matter shall be concluded within the ninety days. Hence the appellee lost the right to test the correctness of the transcript by his interposed objections, though the act gave him, and he should have had, that right.

■■ Thus, by these several inharmonious provisions, the act is rendered impossible of execution, of consequence of which it becomes our duty, though we regret the necessity of so doing, to declare it inoperative and void. We had occasion recently to speak of this duty of the court in an Opinion of the Justices, Ala.Sup., 30 So.2d 14, 17, where we said: "It is a well recognized rule of law that in the enactment of statutes reasonable precision is required. Indeed, one of the prime requisites of any statute is certainty, and legislative enactment may be declared by the courts to be inoperative and void for uncertainty in meaning. This power of the court may be exercised where the statute is so incomplete, so conflicting or so vague and indefinite, that the statute cannot be executed * * *."

For other authorities reference may be had to the notes to the texts in 50 Am.Jur. § 472 and 59 C.J. 601. Some of our own decisions are also illustrative, such as In re Opinion of the Justices, 242 Ala. 57, 4 So.2d 654; Carter v. State, 31 Ala.App. 17, 11 So.2d 766; Standard Oil Co. v. State, 178 Ala. 400, 59 So. 667; Pendley v. Commissioners' Court of Fayette County, 185 Ala. 523, 64 So. 592, wherein is cited Savage v. Wallace, 165 Ala. 572, 51 So. 605; 18 Ala.Dig., Pocket Part, Statutes, ☞47, 49.

The entire court sitting ·en banc has given careful study to the question and, though reluctantly, we are impelled by the necessities of the case to hold to the above conclusion.

■■ It results that, with the 1945 act out of the way, the original act, Act No. 461, General Acts 1943, p. 423, with Supreme Court Rule 48, Code 1940, Appendix, Title 7, requiring, as a matter of diligence, the filing of the transcript within seventy days from the time of the original judgment or the ruling on the motion for a new trial, remains in force and controls the decision on the motion of appellee to strike the transcript of the evidence. The appellant not having complied with this rule of diligence, the transcript is subject to be stricken and the motion of appellee to that end is well taken and must be sustained. So ordered.

Without the transcript of the evidence there is nothing before the court for review, so the judgment must be affirmed.

Motion to strike granted and judgment affirmed.

All the Justices concur.