92 So.2d 429

## OPINION OF THE JUSTICES.
### No. 156.

Supreme Court of Alabama.

Feb. 7, 1957.

**502**

In reply to your inquiry, we respectfully submit the following in answer to question numbered **3**.

We know that Act No. 32, supra, passed at a Special Session of the Legislature, March 23, 1956, was amendatory of Act No. 343, passed at the Regular Session of the Legislature in 1955, and was enacted because Act No. 343 had appropriated money from the Alabama Special Educational Trust Fund in anticipation of the passage of the Goodwyn Amendment to the Constitution, which amendment was not ratified by the vote of the people. As a consequence, it was perfectly apparent that Act No. 343 had appropriated more money than would be available, due to the failure of the passage of the Goodwyn Amendment.

Amendment No. 26, proclaimed ratified August 2, 1933, amended Section 213, Constitution of Alabama 1901, to provide, in pertinent part, as follows:

"* * * To prevent further deficits in the state treasury, it shall be unlawful from and after the adoption of this amendment for the state comptroller of the state of Alabama to draw any warrant or other order for the payment of money belonging to, or administered by, the state of Alabama upon the state treasurer, unless there is in the hand of such treasurer money appropriated and available for the full payment of the same. In case there is, at the end of any fiscal year, insufficient money in the state treasury for the payment of all proper claims presented to the state comptroller for the issuance of warrants, the comptroller shall issue warrants for that proportion of each such claim which the money available for the payment of all said claims bears to the whole, and such warrants for such prorated sums shall thereupon be paid by the state treasurer. At the end of each fiscal year all unpaid appropriations which exceed the amount of money in the state treasury subject to the payment of the same after the proration above provided for, shall thereupon become null and void to the extent of such excess. * * *"

In the first place, the words "state treasury," used in Sec. 213, as amended, mean, insofar as we are presently concerned, the Alabama Special Educational Trust Fund.

The above-quoted provisions of Sec. 213 of the Constitution, as amended, are expressly intended to prevent further deficits in the state treasury. To this end, available funds for the payment of claims, in case of a deficit, are to be prorated, and all excess unpaid appropriations are declared null and void. In re Opinion of the Justices, 227 Ala. 289, 149 So. 775. It is perfectly plain, therefore, that by declaring the excess to be null and void, the Constitution itself reduces an appropriation according to a constitutional formula from that amount fixed by the Legislature to a lesser amount as determined by the Constitution.

We do not think that Sec. 213 of the Constitution of Alabama 1901, as amended by Amendment No. 26, nor any other section of the Constitution, prevents the Legislature by a proper formula from appropriating all the monies in the Alabama Special Educational Trust Fund as of September 30th of any fiscal year. If each of the appropriations made from such fund is not final in amount until September 30th of each fiscal year, a mathematical calculation can be made to determine the amount of each appropriation, and if paid according to such calculation, there would be no deficit, and Sec. 213 of the Constitution of 1901, as amended, would have no field for operation. State ex rel. Turner v. Henderson, 199 Ala. 244, 74 So. 344; In re Opinion of the Justices, 237 Ala. 377, 186 So. 731; Norton v. Lusk, 248 Ala. 110, 26 So.2d 849.

But we have the further question as to whether Act No. 32 can be construed to operate in this manner. We do not think that it can be so construed.

Act No. 32, Second Special Session 1956, p. 308, reduced certain appropriations from the Alabama Special Educa-

tional Trust Fund as theretofore made by Act No. 343, General and Local Acts 1955, p. 769, but included in the act the following:

"Section 1. The following appropriations from the Alabama Special Educational Trust Fund are hereby made for the support of public education in Alabama; and, except as may be otherwise expressly provided, the appropriations herein made shall be subject to the provisions, terms, conditions and limitations of the Budget and Financial Control Act (Article 3, Chapter 4, Title 55, of the Code of Alabama 1940). *If the revenues and receipts of the Alabama Special Educational Trust Fund are not sufficient to pay in full the appropriations herein made and proration becomes necessary on account of such deficiency, any appropriation specifically reduced by this Act shall not be reduced further until all unrevised appropriations, and every appropriation which has had a less reduction percentage-wise, shall have had an equal percentage reduction, any provision of said Budget and Financial Control Act to the contrary notwithstanding."* (Emphasis supplied.)

In our opinion, the following words of Sec. 1 of Act No. 32, supra, "If the revenues and receipts of the Alabama Special Educational Trust Fund are not sufficient to pay in full the appropriations herein made and proration becomes necessary on account of such deficiency" are plain and unambiguous and can have but one meaning. The above quotation speaks of revenues and receipts not being sufficient to pay in full the appropriations, and speaks of proration. The proration feature of Sec. 213, as amended, is self-executing, and since it cannot be determined with certainty until September 30, 1957, the final status of the Alabama Special Educational Trust Fund, the proration referred to in Act No. 32, supra, of necessity, refers

**504**

to the proration mentioned in Sec. 213, as amended. The application of the formula set forth in Act No. 32, supra, would result in a difference in the final amount to be received under the several claims against the Alabama Special Educational Trust Fund on September 30, 1957 than would be received if prorated according to Sec. 213, as amended.

■ So viewed, the pertinent part of Act No. 32 is in collision with Sec. 213, as amended, and, therefore, must fall. The above conclusion renders it unnecessary to consider the application of Secs. 45 or 71 of the Constitution of Alabama 1901.

While perhaps not called for by your inquiry, we deem it not amiss to call to your attention a number of our decisions concerning acts of the legislature which were unenforceable for uncertainty and indefiniteness. Some of these decisions are: In re Opinion of the Justices, 242 Ala. 57, 4 So.2d 654; Carter v. State, 243 Ala. 575, 11 So.2d 764; Id., 31 Ala.App. 17, 11 So.2d 766; Standard Oil Co. v. State, 178 Ala. 400, 59 So. 667; Pendley v. Commissioners' Court of Fayette County, 185 Ala. 523, 64 So. 592, wherein is cited Savage v. Wallace, 165 Ala. 572, 51 So. 605; Opinion of the Justices, 249 Ala. 88, 30 So.2d 14; Dewrell v. Kearley, 250 Ala. 18, 32 So.2d 812; 18 Ala.Dig., Pocket Part, Statutes, ☜47, 49.

Section 1 of Act No. 32 contains the following:

"* * * any appropriation specifically reduced by this Act shall not be reduced further until all unrevised appropriations, and every appropriation which has had a less reduction percentage-wise, shall have had an equal percentage reduction, * * *."

We are of the opinion that the quoted provisions of Sec. 1, supra, are within the influence of the above-cited cases. We know that some appropriations made by Act No. 343 were reduced by Act No. 32, but not in the same proportion. Some were not reduced at all; some were reduced by approximately 2 per cent, others by approximately 6, 10, 20 and 25 per cent, and one by approximately 50 per cent. We also know that appropriations other than those mentioned in Acts No. 343 and 32, supra, were made out of the Alabama Special Educational Trust Fund, including appropriations which require a vote of two-thirds of all members elected to each house. Sec. 73, Constitution of Alabama 1901.

Are all of the appropriations made out of the Alabama Special Educational Trust Fund to be reduced, or, are only those made by Act No. 343, supra, and reduced by Act No. 32, supra, to be reduced? In our opinion, the pertinent part of Act No. 32, supra, is so uncertain and indefinite as to render it unenforceable.

Respectfully submitted,

J. ED LIVINGSTON
                Chief Justice
ROBERT T. SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES S. COLEMAN, Jr.
                Justices.