

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 1, 1972

Hon. Hugh C. Yantis, Jr.
Executive Director
Texas Water Quality Board
Lowich Building
Austin, Texas    78701

Dear Mr. Yantis:

Opinion No. M- 1207

Re:  Correction of Clerical errors
by interpretation of the 1973
General Appropriations Act.
re:  Water Quality Board ap-
propriations.

Your recent request for our opinion requests our legal con-
struction of the meaning of Items 18 and 19 and a related rider
provision contained in the 1973 Appropriation Act[1] for the Water
Quality Board.  The provisions which you inquire about are found
on pages III-152, III-155, and V-37, of the Journal Supplement
Text, and such provisions read as follows:

\* \* \*

"18.  Planning and Feasibility studies,
by contract, of areawide sewage
treatment facilities                     100,000

"19.  For installation and implemen-
tation of a computer system              258,061

. . .

"Expenditures from Item 18 may be made for clas-
sified salaries, current and recurring operating
expenses and capital outlay.  All expenditures
from this item for the use of a computer shall be
limited to interagency agreements with the Water
Development Board except in those instances which
require special computer applications not avail-
able through the Water Development Board."
(Emphasis added)

_____
[1] Acts 62nd Leg., 3d. C.S., 1972, S.B. 1.

-5921-

We note that the previous appropriation act for fiscal year 1972 read substantially the same except that Item 19 was then numbered "18."  Acts 62nd Leg., R.S., 1971, Chap. 1047, pages 3649 and 3651.  It is evident that the Legislature meant for each of the above riders to regulate money to be spent by the Texas Water Quality Board for "installation and implementation of a computer system".

You have also informed the office as follows:

> "Both rider provisions speak to the funding of a computer system.  The rider for Fiscal Year 1972 addressed itesel to 'the appropriation made above for installation of a computer system', which was listed as item number 18.  In the Fiscal Year 1973 rider provision the legislature again spoke to the funding of a computer system; but in this provision reference was made to 'expenditures from item 18'.  The addition of an item number 6 - directorate provision brought the old item 18 - computer provision up one number to item number 19 for the coming fiscal year.

> "An obvious drafting mistake has occurred.  Use of funds from the new item 18 (relating to areawide sewage treatment facilities) for classified salaries, current and recurring operating expenses and capital outlay, for the purpose of installing and implementing a computer system, would frustrate the apparent intention of the legislatute to employ monies from the new item 19 for this purpose.  Legislative history based upon the utilization of a similar format for both appropriations supports the proposition that the inclusion of a new category at item 6 led to the misciting of item 18 in the rider provision."

We agree with your construction of the 1973 Appropriation Act and it is our opinion that the rider provision must be applied to the Item 19 of the current general appropriations act.

While those interpreting a statute are not authorized to re-write the law, the Texas rule from an early time has been that clerical errors may be corrected in order to carry out the manifest intentions of the Legislature.  See Endlich, A Commentary on the Interpretation of Statutes (1888), Sec. 319, at page 435; Chambers v. State, 25 Tex. 307 (1860); Attorney General Opinion No. C-131 (1963), holding that "obvious errors or mistakes of a clerical, grammatical or typographical nature may be disregarded . . .".  Article 11, V.C.S.

Another rule of construction allows us to consider prior appropriation acts in pari materia with the current appropriation act to discover legislative intent even though the former statute on appropriations has expired.  2 Sutherland, Statutes and Statutory Construction, Sec. 5203, page 540.  Furthermore, the provisions of appropriation acts, as well as those of any other class of statutes, are to be construed in connection with previous laws relating to the same subject matter.  Endlich, Interpretation of Statutes (1888), Sec. 46, pages 59-60; Converse v. U.S., 21 How. 463; and see Riggs v. Pfister, 21 Ala. 469; Riggs v. Brewer, 64 Ala. 282.

Applying the above rules of statutory construction to the rider provision which you have inquired about, we find that the legislative intent was that the rider provision reciting both "Item 18" and "computer" services must have been meant to relate to the present item 19.  To apply the provision of such rider to Item 18 which now relates to sewage treatment plants would do violence to the true intent of the Legislature and would nullify the Legislative intent to place limitations on expenditures under Item 19 for computer services.

We, therefore, hold that the rider is valid and applies to computer expenses to be made from Item 19, and that the reference therein to "Item 18" was a pure clerical error which may be disregarded.  Use of the word "computer" in the rider provision shows clearly that the number reference was an error.

### S U M M A R Y

The true intent of the Legislature can
be discovered and clerical errors can be
disregarded in order to uphold such Legis-
lative intentions where a rider provision
to the 1973 general appropriations act

clearly reflects a clerical error in the numbering thereof. Both Items 18 and 19 of the Appropriation Act for the Water Quality Board are subject to the riders immediately appearing thereunder.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Linward Shivers
Gordon Cass
John Grace
Jack Sparks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant