# IVEY v. THE STATE.

1. The place where a contemplated duel is to be fought, is no part of the definition of the offence, and not necessary to be averred in the indictment, or proven on the trial.

Ivey v. The State.

2. An allegation, that the prisoner *gave* the prosecutor a challenge to fight in single combat, is equivalent to an averment that he *challenged* him to fight.

3. No particular form of words is necessary to constitute a challenge to fight a duel; whether challenge to fight in single combat, with deadly weapons was intended, or whether it was the mere effusion of passion, or folly, or the idle boast of a braggart, not intended at the time to lead to any result, or to be understood by the other party as a challenge to fight a duel, are questions which the jury must determine.

Error to the Circuit Court of Dale.

THE plaintiff in error, was indicted for challenging one Calloway to fight in single combat, with deadly weapons.

The indictment is to the following effect: The grand jurors, &c. on their oaths present, that Miles G. Ivey, late of said county, on the first day of March, in the year of our lord one thousand eight hundred and forty-five, in the county aforesaid, did unlawfully, and verbally, give a challenge to one J. Hesia Calloway, to fight him, the said Miles G. Ivey, in single combat, with a deadly weapon, to wit, a pistol, against the peace and dignity of the State, &c.

Upon the trial of the cause, upon the general issue, as appears from a bill of exceptions, the evidence tended to show, that the defendant, being armed with deadly weapons, came to the place where the prosecutor, Calloway, was, and told him, that he had come to have a difficulty with him, and would fight him in any way, and at any place; and a few minutes afterwards, laying his hands on a pistol, told the prosecutor to prepare himself in half a minute.

The court charged, in relation to the challenge to fight with pistols, that if the challenge was given in general terms, to fight with deadly weapons, and the jury believed that such weapons included, or were intended by the defendant to include pistols, it was sufficient, so far as the indictment charged, that the challenge was to fight with pistols, if the other requisites necessary to constitute the offence, were made out. To which the defendant excepted.

The defendant, after conviction, moved to arrest the judg-

Ivey v. The State.

ment, upon the ground that the indictment was insufficient; which was refused, and the prisoner sentenced to the penitentiary for two years.

PORTER & BRODIE, for plaintiff in error.

The charge was not called for by the evidence, and tended to prejudice the prisoner. This indictment is insufficient —1. In not stating whether the challenge was to fight in or out of the State. A challenge to fight in, and one to fight out of the State, are distinct offences, and to include them in one count, would render it void for duplicity. [2 Mass. 163; 2 Lord Raym. 1572; 9 Wend. 203; Archb. Cr. Pl. 25; State v. Lohman, Riley's Cases, 72.]

2. The indictment was faulty in not alledging who the challenged party was. [State v. Absence, 4 Porter, 397; 1 Chtty's Crim. L. 281-2-3; 3 Ib. 849; State v. Rushing, 2 N. & McC. Rep. 560; State v. Foster, 3 McC. 442; State v. Raines, Ib. 533.]

ATTORNEY GENERAL, contra.

ORMOND, J.—The statute upon which this indictment is founded, reads thus : " Every person who shall give, accept, or knowingly carry a challenge, in writing, or otherwise, to fight in single combat, with any deadly weapon, either in or out of the State, and be thereof convicted, shall be punishable by imprisonment in the penitentiary for two years."— [Clay's Dig. 414, § 11.]

Two objections are made to the indictment—that it is not alledged whether the challenge was to fight a duel, within this State, or beyond its limits—and that it is not alledged who was the person challenged.

The offence denounced by the statute, is the giving, accepting, or knowingly carrying a challenge, to fight in single combat, with any deadly weapon, and the offence is complete when the challenge so to fight is given, accepted, or knowingly carried, whether the place where the rencounter is to take place, be designated or agreed upon, or not, or whether, if designated or agreed on, it is within or without the State. The place where the duel is to be fought, if agreed

on, or designated by the challenger, is no part of the defini-
tion of the offence, and is only mentioned in the statute for
the purpose of showing that it is not a constituent of the
crime.   It follows, that as it constitutes no part of the offence,
it is not necessary it should be averred in the indictment, or
proved on the trial.

The other objection is alike untenable.   The allegation
that the prisoner *gave* the prosecutor a challenge  to fight in
single combat, is precisely equivalent to an averment that
he *challenged* him to fight, and is indeed  the precise lan-
guage employed by the legislature in defining the offence.

The question upon the charge of the court, arises upon the
sufficiency of the evidence to establish the allegation in the
indictment, that the prisoner challenged the prosecutor to
fight him in single combat, with a deadly weapon, to wit, a
pistol.   The language of the act is, " to fight in single com-
bat, with any deadly weapon."   Whether such a challenge
was given, as was charged in the indictment, was a question
for the jury upon the evidence.   No particular form of words
is necessary, to constitute a challenge to fight a duel.   The
real intention is frequently, and indeed most usually under-
stood by the parties, whilst the invitation, or "demand of
satisfaction," is couched in general terms.

In this case, the intent of the prisoner was left to the jury,
and they were in substance instructed, that if there was a
challenge to fight with deadly weapons, given by the prison-
er, to the prosecutor, in general terms, they might infer it
was a challenge to fight with pistols.  There can be no doubt
of the propriety of this charge, under the evidence before the
jury.   The prisoner, it appears, told the prosecutor he had
come to have a difficulty with him, that he would fight him
in any way, and at any place, and shortly afterwards laying
his hand on a pistol, told the prosecutor to prepare himself in
half a minute.   Certainly the jury were authorized to infer,
that if this was an invitation to fight a duel, it was a chal-
lenge to fight with pistols, and is indeed much more precise,
and specific, than such invitations usually are.   This appears
to have been the only question made upon the evidence, and
the court instructed the jury, this inference was proper, if the

other requisites necessary to constitute the offence were made out. The jury must therefore have ascertained from the proof, that the intention of the prisoner was to challenge the prosecutor to fight him in single combat, with a deadly weapon, and that it was not the mere effusion of passion, or folly, or the idle boast of a braggart, not intended at the time to lead to any result, or to be understood by the other party as a challenge to fight a duel.

Let the judgment be affirmed.