# Davis *v.* The State.

*Indictment for Criminal Possession of Burglarious Implements.*

1. *Possession of burglarious implements, as criminal offense.*—Under statutory provisions, the possession of "any implement or instrument designed and intended to aid in the commission of burglary or larceny [in this State or elsewhere]," is declared to be a misdemeanor (Code, § 3788); but, while the offense consists of the possession, with the criminal intent to use the implements, the bracketed words are no part of it, and the statute is to be read as if they were omitted.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The indictment in this case charged, that the defendant "had in his possession an implement or instrument designed and intended by him to aid in the commission of burglary or larceny, in this State or elsewhere, against the peace," &c. There was no demurrer, or other objection to the indictment; and issue being joined on the plea of not guilty, the trial resulted in a verdict of guilty, and the imposition of a fine of $300; to which the court added twelve months hard labor for the county, and an additional term of 209 days on non-payment of the costs. The refusal of a charge asked by the defendant, which is set out in the opinion of the court, is the only matter to which an exception was reserved.

E. P. MORRISSETT, for appellant.—The possession of burglarious tools is not a statutory offense (Code, § 3788), unless the party has the criminal intent to use them. The use of such implements burglariously elsewhere would not be an offense against the laws of Alabama; nor can the intent to so use them elsewhere, while in possession here, be an offense against our laws, without giving them an extra-territorial operation. To constitute a crime, a criminal act must concur

with a criminal intent, both being aimed against the laws of the jurisdiction which seeks to punish it.

W. L. MARTIN, Attorney-General, *contra*, cited *Ivey v. State*, 12 Ala. 276.

CLOPTON, J.—The statute, under which appellant was indicted and convicted, declares "any person, who has in his possession any implement or instrument designed and intended to aid in the commission of burglary or larceny in this State or elsewhere," to be guilty of a misdemeanor. Code, 1886, § 3788. On the trial, the defendant requested the court to instruct the jury, that before they can convict, they must be satisfied beyond a reasonable doubt that the implements or instruments found in his possession were designed and intended to aid in the commission of burglary or larceny in this State. By the limited terms of the charge, no effect or operation is allowed to the words, *or elsewhere*, as used in the statute. It is predicated upon the interpretation of the statute, that the offense which it proposes to punish is the *intent* to commit burglary or larceny. The argument, based on this hypothesis, is, that it is not competent for the legislature to enact a law to punish the intent to commit a crime beyond the territorial limits of the State; and that, as the operation of the words referred to is to give the statute an extra-territorial force, it should be read as if those words were expunged.

It is true, that the mere possession of burglarious implements or instruments does not constitute the offense created by the statute; neither is the mere *intent* to commit either of the crimes designated. The denunciation of the statute is directed against the *possession* of such implements or instruments, with the design or intent to use them in the attempt to commit either burglary or larceny, as, where, and when opportunity may offer. The unlawful act, and the vicious intent, must concur to complete the statutory offense. The purpose of the statute is the security of property, and the prevention of crime, by declaring the possession of implements or instruments which are capable of aiding the commission of burglary or larceny, with the design and intent to use them, a criminal offense. The terms, *in this State or elsewhere*, constitute no part of the definition of the statutory offense. They are used for the purpose of excluding a conclusion, that the place where it may be intended to use the

[Emmonds v. The State.]

implements or instruments is a constituent of the offense denounced by the statute.—*Ivey v. State*, 12 Ala. 276. The charge was properly refused.

Affirmed.

