11 So.2d 764

**CARTER v. STATE.**

I Div. 433.

Supreme Court of Alabama.
Jan. 5, 1943.

PER CURIAM.

We are not of opinion that the statute, Code 1940, T. 14, § 59, on its face deals with the freedom of speech or the press, or in any way interferes therewith. Therefore the holding of the United States Supreme Court in Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093, is not an apt authority.

■ We are of opinion, however, that the first subdivision of said statute on which the prosecution is rested is void for uncertainty in the expression of the legislative intent. Standard Oil Co. v. State, 178 Ala. 400, 59 So. 667; 59 C.J. p. 601, § 160.

Said Section 59 provides, inter alia, "Any person, firm, corporation or association of persons who, without a just cause or legal excuse, wilfully or wantonly does any act with the intent or with reason to believe that such act will injure, interfere with, hinder, delay, or obstruct any lawful business or enterprise, in which persons are employed for wages; * * * shall be guilty of a misdemeanor."

The misdemeanor is left to stand not upon the result or effect of the act but upon "the intent or with reason to believe that such act will injure, interfere with, hinder, delay, or obstruct," a lawful business or enterprise. Otherwise stated, the mental attitude of the actor, which may have no effect at all, is the sine qua non of the misdemeanor.

■ "An act of the legislature, to have the force and effect of a law, must be intelligibly expressed. Where the terms of an act are so vague as to convey no definite meaning to those whose duty it is to execute it, ministerially or judicially, it is inoperative. A mere collection of words alone cannot constitute a law. * * *." 59 Corpus Juris, p. 601, § 160; Standard Oil Co. v. State, supra; United States v. Missouri Pac. R. Co., 8 Cir., 213 F. 169, 130 C.C.A. 5.

■ This statute goes deeper than to punish one for what he may express in words. It seeks to punish one for what he thinks or believes, regardless of the potency or impotency of the act prompted by thought or belief, to accomplish the result intended or believed to follow such act. This is a legislative abuse of the police power of the state. 6 R.C.L. p. 188, § 187, p. 198, § 194; Mugler v. Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205; Eidge v.

City of Bessemer, 164 Ala. 599, 605, 51 So. 246, 26 L.R.A.,N.S., 394.

We express no opinion as to the validity of the last subdivision of this section of the code, but the foregoing expresses our views as to the provisions quoted.

Let this be certified to the Court of Appeals.

All the Justices concur.