116 So.2d 400

Calvin WOODS

v.

STATE.

6 Div. 715.

Court of Appeals of Alabama.

Dec. 8, 1959.

Oscar W. Adams, Jr., and Orzell Billingsley, Jr., Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

Woods appeals from his conviction on a misdemeanor complaint. The first count charged him with fomenting a boycott of the Birmingham Transit Company's buses in order to hinder their operation. This charge uses verbatim the operative words of Code 1940, T. 14, § 59, first clause.

The second count relies on T. 14, § 61, in charging Woods ("without a just cause or legal excuse") advised and encouraged others that they had a duty not to ride these buses and is also expressly couched in the words of § 59.[1] Section 61 makes advocacy of a duty to violate § 59 a separate offense.[2]

Woods's alleged offense occurred in November, 1958.

The first clause of § 59 was held void in Carter v. State, 243 Ala. 575, 11 So.2d 764.

Act No. 52, approved May 30, 1951 (Acts 1951, p. 265), repealed [3] § 59 in toto.

The alleged offenses were not crimes at common law. Since both counts depend exclusively upon § 59 and since the basic statute was repealed some seven years beforehand, the judgment below is

Reversed and rendered.

---

1. Count 2 reads pertinently: "Calvin Woods, * * * did without just cause or legal excuse, advise, encourage members or persons attending a church over which he was presiding the duty, propriety or expediency of not riding the buses of the Birmingham Transit Company, a corporation, a lawful business engaged in the transportation of passengers, in violation of Chapter 20, Title 14, Code of Alabama 1940, * * * ".

2. § 59, first clause, reads: "Any person, firm, corporation or association of persons who, without a just cause or legal excuse, wilfully or wantonly does any act with the intent or with reason to believe that such act will injure, interfere with, hinder, delay, or obstruct any lawful business or enterprise, in which persons are employed for wages; * * * shall be guilty of a misdemeanor." § 61, in pertinent part, reads: "Any person, * * * who, without a just cause or legal excuse shall advise, encourage, * * * the necessity, duty, propriety, or expediency of doing so or practicing any of the acts or things made unlawful by this chapter, * * * shall be guilty of a misdemeanor."

3. The acts complained of having taken place after repeal are not influenced by the general saving statute (Code 1940, T. 1, § 11). "Under the common law rules of construction and interpretation the repeal of a penal statute operated to efface the act from the statute books as though it had never existed. * * * " Sutherland, Statutory Construction (3d Ed.), § 2046.