370 P.2d 355

**PRIDE OIL COMPANY, a corporation, Plaintiff and Respondent,**

**The Utah Association of Petroleum Retailers, Intervener,**

**v.**

**SALT LAKE COUNTY, a body politic, Defendant and Appellant.**

**No. 9547.**

Supreme Court of Utah.

April 18, 1962.

Grover A. Giles, County Atty., Gerald E. Nielson, Deputy County Atty., Salt Lake City, for appellant.

Calvin E. Clark, George Morris, Stewart, Topham & Harding, Salt Lake City, for intervenor.

Clyde & Mecham, Richard L. Dewsnup, Ronald N. Boyce, Salt Lake City, for respondent.

CROCKETT, Justice.

The plaintiff seeks to restrain the enforcement of statutes relating to the posting of the prices of gasoline on the ground that they are unconstitutional. After a hearing at which evidence was adduced and plenary consideration was given the matter, the trial court ruled that such statutes were invalid, from which this appeal is taken.

The sections in question, 41–11–45 and 46, U.C.A.1953, were added to the Motor Vehicle Act by Chap. 92, S.L.U.1961.

Section 45 provides that retailers shall post the prices of motor fuel:

"(1) * * * prices shall be posted on the computing device of each individual pump or other dispensing device. * * * The price * * * shall be conspicuous and * * * shall not be covered by signs, decals or advertisements of any kind.

* * * * * *

"(3) Said price may also be posted on the pump or dispensing device on a sign or placard not less than seven inches in height and eight inches in width, nor more than twelve inches in height and twelve inches in width, stating clearly and legibly in numbers of uniform size the true retail selling price per gallon of such fuel including all taxes, together with the statutory grade of the fuel. * * *

"(4) No other sign or placard stating the price or prices of gasoline * * * shall be posted or maintained on the premises. * * *"

Section 46 relates to the posting of rebates or discounts and provides that if any such are given,

"* * * the conditions, quantity, and amount * * * [of such rebate or discount, etc.] * * * shall be posted in letters not less than one inch in height on the pump * * * and no where else on the premises * * *."

The attack upon these statutes is based upon the ground that they are an

invasion of the right to own and enjoy property. We have recognized that this includes the right to sell it; and to let others know of both the desire to do so and the price.[1]

■ The validity of appellant's contention that these rights are not absolute is acknowledged. One who desires to assert them and have them enforced by public authority must do so in an awareness that when in the judgment of the legislature it appears to be necessary for the protection for some more important interest of the public which involves safeguarding its health, morals, safety or welfare, even those basic personal rights may be limited to the extent necessary to so protect the public interest.[2]

But a pivotal consideration in the problem before us is that in order to justify encroachment on these rights such a danger to the public must exist and the statute must be such that it will have some substantial and reasonable relationship to the elimination or correction of the evil.

The factual situation which the advocates of the statutes postulate as justifying them is this: some service stations post signs on their premises bearing large numerals, usually a few cents less than the current market price of gasoline to lure passing motorists to stop and enter the service station, only to find that the price refers to cigarettes, facial tissue, or some other item. Having stopped, the motorist then will purchase gasoline at the higher price. The argument is that the purpose of these statutes is to eliminate such deception and to enforce honesty in posting the prices of gasoline so the public will be assured the benefit of dignified signs providing reliable information.

For the purpose of analysis of the problem it can be assumed that there may be some evils of the type urged by the appellant. But the first observation to be made is that we are not persuaded that they are either so grave or so seriously affecting the public interest as to justify the measures proposed for their correction. The second and more important one is that we see no real likelihood that the restrictions they place on the size and location of signs would materially aid in policing and preventing deception of the public. The respondent's contention that this would just as likely aid in the deceptions complained of as otherwise seems not entirely without merit.[3]

1. Ritholz v. City of Salt Lake, 3 Utah 2d 385, 284 P.2d 702.
2. Ibid: and see statement in Backman v. Bateman, 1 Utah 2d 153, 263 P.2d 561, 563.
3. State v. Redman Petroleum Corp., 360 P.2d 842 (Nev. 1961); Regal Oil Co. v. State, 123 N.J.L. 456, 10 A.2d 495; City of Lake Charles v. Hasha, 238 La. 636, 116 So.2d 277; Levy v. City of Pontiac, 331 Mich. 100, 49 N.W.2d 80.

The argument that these statutes are necessary to prevent deceptive advertising seems to be something less than a candid disclosure of their true purpose. If such were actually the case, those abuses have been proscribed for many years by our statute which denounces false and deceptive advertising.[4] From the record of the hearing before the trial court, it is evident that this was not the only motivation behind the statutes in question. Their passage by the legislature was sponsored by the interveners, Utah Association of Petroleum Dealers. From the testimony of their witnesses it is plainly evident that a very important consideration prompting their support of this legislation was to control gas price wars.

Despite averments and innuendos to the effect that the latter are in the long run inimical to the public interest, we are not convinced that they pose any such danger to the public as would warrant invasion of the constitutional rights of the complaining dealers. One of the basic tenets of our system is that free and open competition is a wholesome, stimulating force in our economy. Our founding fathers recognized this and so indicated in our Constitution;[5]

which is also implemented in our statutes.[6] We have previously expressed our views thereon.[7]

Based upon the foregoing considerations it is our opinion that the trial court was well within the ambit of reason in refusing to believe that allowing service station operators freedom of judgment and action as to the signs they use results in any substantial threat to public health, safety, morals or welfare; or that these statutes placing restrictions upon the size and location of such signs would have any appreciable effect on the correction of whatever of such evils might exist. We are therefore in accord with the determination that these statutes must be deemed unconstitutional.[8]

Appellant also urges that even though some parts of these statutes be deemed invalid, the remaining portions should not be so adjudged because they are severable. In support of this position they refer to two previously enacted saving clause sections of the Motor Vehicle Act which provide that even though some provision of it is held unconstitutional, the

4. 76-4-1, U.C.A.1953.
5. Sec. 20, Art. XII, Utah Constitution— "Any combination by individuals, [etc.] * * * having for its object or effect the controlling of the price of any product [etc.] * * * is prohibited, and hereby declared unlawful, and against public policy."
6. Sec. 50-1-1, U.C.A.1953, carries this provision into statute.
7. Gen. Elec. Co. v. Thrifty Sales, 5 Utah 2d 326, 301 P.2d 741; Gammon v. Federated Milk Producers Ass'n, Inc., 11 Utah 2d 421, 360 P.2d 1018.
8. See Gambone v. Commonwealth, 375 Pa. 547, 101 A.2d 634.

remainder shall not be so affected.[9] It is somewhat doubtful that these saving clause sections would be applicable to new portions of the act which are different in character from the prior legislation and were not even thought of when such clauses were enacted. However, assuming that it might be so intended, such saving clauses would be applicable only if separate sections of the act could stand independently. It will be noted from what has been said above that neither Section 45 nor 46 could be upheld in its entirety because both have objectionable parts. Further, when each is viewed separately it will be observed that its provisions are interrelated. That being so, it is not within the scope of the court's function to select the valid portions of the statutes and conjecture that the legislature intended that they should stand independent of the portions which are invalid.[10]

The judgment of the trial court declaring Chap. 92, S.L.U.1961 unconstitutional and permanently enjoining their enforcement is affirmed.

No costs awarded.

WADE, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.

9. Secs. 41–11–42 and 41–11–76, U.C.A. 1953.

10. See Union Trust Co. v. Simmons, 116 Utah 442, 211 P.2d 190.