399 P.2d 440

Sherman CARTER, a taxpayer for himself and all others similarly situated, Plaintiff and Appellant,

v.

BEAVER COUNTY SERVICE AREA NO. ONE, a body corporate and politic, James G. Williams, Paul K. Neilson, Evan C. Nielsen, Allen C. Reynolds and Arlo Messinger, as Trustees of said Service Area, Defendants and Respondents.

No. 10136.

Supreme Court of Utah.

Feb. 24, 1965.

J. Harold Call, Heber City, for appellant.

Henriksen & Murdock, Salt Lake City, John O. Christiansen, Beaver, A. Pratt Kesler, Atty. Gen., Richard L. Dewsnup, Asst. Atty. Gen., Salt Lake City, for respondents.

CALLISTER, Justice.

The plaintiff as a taxpayer seeks a declaratory judgment that Beaver County Service Area No. 1, organized under Chapter 29, Title 17, U.C.A.1953 to establish a bonded indebtedness under Section 17–29–21, U.C.A.1953, to build a hospital for the district near the city of Beaver, Utah, is in violation of Article VI, Section 29, Article XIII, Section 5, and Article XIV,

**282**

Section 3 and Section 4, of the Constitution of Utah.

The trial court rendered judgment holding the act constitutional; plaintiff appeals.

Section 17–29–3, U.C.A.1953, provides that whenever an area in the county requires one or more of the following extended services *"including but not limited to the following:* extended police protection; structural fire protection; culinary *or irrigation water retail service;* water conservation; local park, recreation or parkway facilities and services; cemeteries; public libraries; sewers, sewage and storm water treatment and disposal; flood control; garbage and refuse collection; street lighting; airports, planning and zoning; local streets and roads; curb, gutter and sidewalk construction and maintenance; mosquito abatement; health department services; hospital service, such services may be supplied by the creation of a county service area."

The innumerable activities in which the county service area may engage could emasculate the performance of municipal functions vested by the Constitution of Utah in the local corporate authorities. Furthermore, by the unlimited grant of the act, the service area could, in effect, become the alter ego of the county and other units of local government and provide a means to evade the state constitutional debt limitations of Article XIV, Sections 3 and 4.

In the recent case of Backman v. Salt Lake County,[1] this court stated:

"If Art. VI, sec. 29 has any meaning at all, it would seem applicable here; [the building of a sports arena] otherwise a legislative act could create a commission * * * to operate and maintain the highway system of a municipality, its parks and recreation areas, sewage disposal, health department, the police force, the fire department, parades, and even municipal government itself, ad infinitum. * *

"We are convinced that the framers of our state constitution wisely anticipated the inroads that might be cut in the structure of local, representative government, which fundamentally is composed of officials elected by those closest to government, the electors, when they judiciously insisted on incorporating Art. VI, sec. 29 as a must in our constitution."

The County Service Area Act authorizes the performance of an unlimited number of activities; some of these might qualify as a function appropriately performed by a state agency, while others are exclusively municipal functions, the performance of which is constitutionally limited to the units of local government. In Pride Oil

1. 13 Utah 2d 412, 375 P.2d 756 (1962).

Co. v. Salt Lake County, 13 Utah 2d 183, 370 P.2d 355,[2] it was held that even where a savings clause existed, where the provisions of the statute in question were interrelated, " * * * it is not within the scope of the court's function to select the valid portions of the statutes and conjecture that the legislature intended that they should stand independent of the portions which are invalid."

Another factor which vitally affects the validity of the Act is that the Board of County Commissioners and the Board of Trustees of the Service Areas, whose duty it is to execute the provisions, cannot determine which functions they may constitutionally perform under the Act.

In Nowers v. Oakden [3] this court stated:

"It is a well settled rule that courts will not attempt to enforce legislative acts that are so vague that the meaning of the legislature cannot be understood therefrom. As stated by the Alabama court in Carter v. State, 243 Ala. 575, 11 So.2d 764:

" 'An act to have effect of "law" must be intelligibly expressed, an act conveying no definite meaning to those whose duty it is to execute it is inoperative.'

"It is not the province of courts to substitute what they think ought to be the law for the ambiguous or indefinite terms of the legislature. Rather the courts should declare such an uncertain act invalid and leave to the legislature the task of clarifying the enactment."

■ This court is of the opinion that Chapter 29, Title 17, U.C.A.1953, is invalid, and the separability clause, enacted in 1961, is ineffective, because of the dependency of the remaining sections upon the provisions declared inoperative.

■ In so declaring we desire it to be understood that this ruling applies to the instant controversy, and that apart from this, this decision is to have prospective and not retroactive effect.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

2. See in general 82 C.J.S. Statutes § 92.

3. 110 Utah 25, 169 P.2d 108 (1946).