179 So.2d 776

**Roy Lee THORNTON**

v.

**STATE.**

**3 Div. 189.**

Court of Appeals of Alabama.

Nov. 2, 1965.

Tucker & Hildreth, Atmore, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of arson in the first degree and sentenced to the penitentiary for a term of five years.

It is without dispute that a house occupied by Mrs. Julia Thornton, defendant's sister-in-law, was partially destroyed by fire about eleven o'clock on the night of August 27, 1964.

Mrs. Thornton testified her husband had left her and their children some twelve years ago; that she had resided in the old farmhouse since 1932. At the time of the fire her two younger sons and a Mrs. Lena Graves were staying with her. On the night in question she heard an explosion at the rear of her home and saw a large flame. She called to her sons and they all fought the fire for about half an hour before it was put out. After they got the fire out she was backing her car out of the driveway and saw a 1957 Maroon colored Chevrolet automobile pass her house twice. She testified further that there is a law suit pending in court to settle the question of title to this property.

Jackie Eugene Merchant testified he was seventeen years of age, and lived in Century, Florida; that defendant told him he had some land in Alabama with a house on it and if he could get someone to burn the house he could sell the land for $2500.00; that he later told witness and Vernon Seals he would pay them $300.00 for burning the house; that on August 27, 1964, he came to Escambia County, Alabama, from Century, Florida, with defendant and Seals. They were riding in a 1957 Maroon and White Chevrolet belonging to Seals. They stopped at a Gulf Service Station in Century and bought a gallon jug of gasoline from the owner, a Mr. Leon Tolen. Defendant paid for the gasoline. They drove up near the house in question at night. A little before eleven witness and Seals got out of the car and went through a cotton field to the house. Seals poured the gasoline on the back porch and witness struck a match and threw it on the gasoline. Flames shot up, temporarily blinding the witness, and he and Seals became separated from each other. After wandering around in the dark for sometime witness walked to the house of a Mr. Chavers, told him what he had done and was driven to city hall.

James Vernon Seals testified he had known the defendant for fourteen or fifteen years; that in August, 1964, he accompanied defendant and Merchant to Escambia County, Alabama, where he and Merchant set fire to the home of Mrs. Thornton while defendant waited in the car. After he returned to the car they waited awhile for Merchant and finally drove up the road looking for him. They passed Mrs. Thornton's home twice and saw her backing out of the driveway. This witness corroborated Merchant's testimony with reference to defendant's promise to pay them for burning the house and as to buying the gasoline at Tolen's service station. He stated the gallon jug was carried away from the Thornton home and back to Florida and the witness threw it out of the car at defendant's house.

Leon Tolen testified he operated the Century Gulf Service at Century, Florida. Around 4:30 of the afternoon of August 27, 1964, the defendant came to his station with Vernon Seals and another boy. Defendant bought a gallon of gasoline in a glass jug, paying witness twenty-five cents for it.

Bill Cox testified that as an employee of the Escambia County, Florida, Sheriff's department he assisted in investigating the facts of this case. Around one o'clock of the morning of August 28th he found a glass jug at the rear of defendant's residence. The jug had a strong odor of gasoline. He turned the jug over to Mr. James Taylor, a deputy sheriff of Escambia County, Alabama, who was with him in the car when he found the jug.

Deputy Sheriff Taylor testified Mr. Cox gave him the jug and that he turned it over to Mr. Byrne, the Sheriff of Escambia County, Alabama. Sheriff Byrne testified state's exhibit No. 1 was the jug which Mr. Taylor turned over to him and that he labeled it at the time he received it.

 The jug was sufficiently identified to permit its introduction into evidence. Stewart v. State, 38 Ala.App. 497, 88 So.2d 580.

Defendant testified he was at his home in Florida on the night of August 27, 1964, and did not go to or near the home of Mrs. Julia Thornton in Alabama. He denied that he had entered into a conspiracy with Merchant or Seals to burn her house and stated that Merchant and Seals were not telling the truth. He testified he had never bought any gasoline from Mr. Tolen, but there was a jug on his back porch which he used to put gasoline in his lawn mower and that he purchases the gasoline he used in his mower from a Mr. Fillingham. He also stated Mrs. Julia Thornton married his brother and that there was a law suit pending in court concerning the property where she lived.

Defendant's testimony was corroborated by his wife.

We are of opinion that the trial court properly held there was sufficient corroborative evidence of the accomplices' testimony to justify the submission of the case to the jury for its consideration. Dykes v. State, 30 Ala.App. 129, 1 So.2d 754; Fagan v. State, 35 Ala.App. 13, 44 So. 2d 634. The court properly overruled the motion to exclude the state's evidence.

We further hold that there was no error in the court's refusal to grant the motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict.

The judgment of the trial court is ordered affirmed.

Affirmed.