COMMONWEALTH *vs.* PAUL BRUNEAU. February 12, 1979. The judge's erroneous instruction to the effect that the defendant's bomb would not fall within the prohibition of G. L. c. 148, § 35, if it were not of a "high explosive" variety was unduly favorable to the defendant, who could not have been prejudiced by the error. There is nothing to the contention that the erroneous ruling became the law of the case, requiring that the evidence conform to the requirements of the instruction rather than those of the statute. See *Commonwealth* v. *David*, 365 Mass. 47, 55-56 (1974). Compare *Freeman* v. *Robinson*, 238 Mass. 449, 452 (1921); *Commonwealth* v. *Ackers*, 343 Mass. 63, 68 (1961). Contrast *Commonwealth* v. *Peach*, 239 Mass. 575, 581 (1921),

and case cited. The defendant is correct in his contention that there are many ambiguities and other deficiencies in the regulations adopted by the Board of Fire Prevention Regulations pursuant to G. L. c. 148, § 9, and the Attorney General would be well advised to initiate their revision, with a view towards correlating the regulations with the enforcement statutes, G. L. c. 148, §§ 15 and 35; but those deficiencies need not concern us in this case, as the explosive device which the defendant was found to have possessed, on the evidence of its probable performance characteristics, was clearly a bomb, whether viewed from the vantage point of the common sense meaning of the word or the definition of "explosive bomb" set forth in Fire Prevention Regulation 12(1)(d), 19 Code Mass. Regs., Part 8, at 120 (1975). That definition, assuming (without deciding) that it controls the meaning of the word "bomb" in § 35, constitutes a "comprehensible normative standard so that men of common intelligence will know its meaning." *Commonwealth* v. *Orlando*, 371 Mass. 732, 735 (1977). *Commonwealth* v. *Gallant*, 373 Mass. 577, 581 (1977). On no construction is the statute unconstitutionally vague as applied to the defendant; and, since First Amendment freedoms are not involved, he has no standing to attack the statute as vague in its possible applications to other circumstances. *United States* v. *Mazurie*, 419 U.S. 544, 550 (1975). *United States* v. *Powell*, 423 U.S. 87, 92 (1975). *Commonwealth* v. *Gallant*, *supra* at 581. *Commonwealth* v. *Bohmer*, 374 Mass. 368, 373 (1978).

*Judgment affirmed.*

*Carol Gibson Smith* for the defendant.

*Robert M. Raciti*, Legal Assistant to the District Attorney, for the Commonwealth.