BOWEN, Judge.
The defendant was indicted and convicted for burglary. Sentence was ten years’ imprisonment.
I
The record supports the trial judge’s finding that the defendant knowingly and intelligently waived his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The only argument advanced to support the contention that the confession was inadmissible was the fact that the defendant was not given the Miranda warnings immediately before he confessed. It is undisputed that the defendant was informed of his rights and voluntarily and intelligently waived them approximately one hour before he was interrogated.
“Once the mandate of Miranda has been complied with at the threshold of questioning it is not necessary to repeat the warnings at the beginning of each successive interview.” Gibson v. State, 347 So.2d 576, 582 (Ala.Cr.App.1977). Here, there is not one single circumstance which would indicate that the warnings should have been repeated. Love v. State, 372 So.2d 414 (Ala.Cr.App.1979).
Another statement made by the defendant was clearly volunteered and not made in response to any interrogation or coercion. Laffitte v. State, 370 So.2d 1108 (Ala.Cr.App.), cert. denied, 370 So.2d 1111 (Ala.1979).
II
On appeal the defendant alleges that “the failure to qualify [State’s witness] Mr. Smith as an expert coupled with a find of only five (5) points of identification over the entire pattern of the Appellant’s right forefinger rendered such testimony and evidence unreliable, inconclusive and thereby inadmissible.”
We have searched the record but find no objection by defense counsel presenting this issue to the trial court. Consequently, this Court has no adverse ruling to review. Hines v. State, 365 So.2d 320, 322 (Ala.Cr.App.), cert. denied, 365 So.2d 322 (Ala.1978); Ward v. State, 376 So.2d 1112, 1116 (Ala.Cr.App.), cert. denied, 376 So.2d 1117 (Ala.1979). The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.