The defendant was indicted and convicted for the offense of criminal possession of explosives in violation of Section13A-7-44, Code of Alabama 1975. Sentence was three years' imprisonment. Four issues are raised on appeal.
 I
The defendant argues that the statute under which he was convicted is "unconstitutional in that it is so vague and ambiguous that it does not properly apprise the defendant of what he was charged."
Section 13A-7-44, Code of Alabama 1975, defines the Class C felony of criminal possession of explosives:
 "A person commits the crime of criminal possession of explosives if he possesses, manufactures, buys, sells or transports any explosive, and intends that the explosive be used in the commission of a crime involving violence to another person or destruction of another's property."
This statute does not require one to speculate as to its meaning at the peril of his freedom. Bolin v. State, 266 Ala. 256,260, 96 So.2d 582 (1957). This statute is not void for vagueness.
The statute sets up standards of conduct "to guide the innocent or warn the criminal, . . . to advise a defendant of the nature and cause of the accusation . . . (and) to guide the courts in administering that . . . statute." Bolin,266 Ala. at 260, 96 So.2d 582. The statute satisfies the requirements of due process because it conveys a sufficient and definite meaning and warning as to the proscribed conduct when measured by common understanding and practice. Statutes making possession of a bomb or other explosive a criminal offense have been unsuccessfully challenged on the ground of vagueness in other states. Annot. 42 A.L.R.3d 1230, Section 4 (1972). Statutes making unlawful the possession of burglar's tools, where challenged on constitutional grounds, have been upheld in most instances. Annot. 33 A.L.R.3d 798, Section 3 (1970).
Section 13A-7-44 is not vulnerable to the objections raised in Bolin, supra, and Carter v. State, 243 Ala. 575,11 So.2d 764 (1943). The offense is not made to stand only upon the intent with which the act is committed. Bolin, 266 Ala. at 261,96 So.2d 582. The mental attitude of the actor, which may have no effect at all, is not the sine qua non of the felony.Carter, 243 Ala. at 576, 11 So.2d 764. Here, the statute does not seek "to punish one for what he thinks or believes, regardless of the potency or impotency of the act prompted by thought or belief, to accomplish the result intended to follow such act." Carter, 243 Ala. at 576, 11 So.2d 764.
Here, as in the offense of the possession of burglar tools, "the unlawful act and the vicious intent must concur to complete the statutory offense." Davis v. State, 87 Ala. 10, 6 So. 266
(1889). In Bolin, the statute prohibited the possession for the purpose of making a stink bomb of any of the ingredients necessary or commonly used in making such a bomb. There, the statute punished the intention to make a stink bomb regardless of how the maker intended to use the bomb.
Section 13A-7-44 is not vague and indefinite for the reason that the term "explosives" is not defined in that particular section. Where the word "explosives" is not defined in the statute, it must be presumed to have been used by the legislature in its ordinary sense, that is, according to common *Page 540 
understanding. People v. Quinn, 57 Cal.App.3d 251,129 Cal.Rptr. 139 (1976); Commonwealth v. Bruneau, 7 Mass. App. 858,386 N.E.2d 29 (Mass.App. 1979); People v. Cruz, 34 N.Y.2d 362,357 N.Y.S.2d 709, 314 N.E.2d 39 (1974); Commonwealth v.Bristow, 185 Pa. Super. 448, 138 A.2d 156 (1958). However, in this case we need not resort to implication, for the term "explosives" is defined in the new Criminal Code. Section13A-7-44, defining criminal possession of explosives, is contained within Article 3 (Arson and Explosives) of Chapter 7 (Offenses Involving Damage To And Intrusion Upon Property) of the new Criminal Code. Also within Article 3 is Section13A-7-40 (2), which defines "explosives":
 "EXPLOSIVES. Any chemical compound or mechanical mixture that is commonly used or intended for the purpose of producing an explosion and which contains any oxidizing and combustive units or other ingredients in such proportions, quantities or packing that an ignition by fire, by friction, by concussion, by detonator or by chemical action of any part of the compound or mixture may cause a sudden generation of highly heated gases that the resultant gaseous pressures are capable of producing destructive effects on contiguous objects or of destroying life or limb."
The plastic container filled with gasoline and provided with a paper towel wick was an "explosive" within the meaning of this statute. See McClane v. State, 170 Tex.Crim. R.,343 S.W.2d 447 (1960), cert. denied, 365 U.S. 816, 81 S.Ct. 698,5 L.Ed.2d 695 (1961); Commonwealth v. Gallagher, 276 Pa. Super. 593, 419 A.2d 616 (Pa.Super. 1980).
 II
The defendant argues that the explosive device should not have been admitted into evidence because its condition had been substantially changed.
The testimony shows that the defendant was observed holding a two liter plastic soft drink bottle in one hand and a cigarette lighter in the other hand. The bottle contained gasoline. A paper towel "rolled up" and saturated with gasoline ("that was used for a wick") was "stuffed down into" the top of the bottle.
When introduced into evidence, the lighter was taped to the side of the bottle and the paper towel wick and gasoline had been removed. Officer Benny Hyche of the Jasper Police Department testified that he took the bottle and lighter from the defendant and removed the gasoline and paper towel. Both parties assert that Officer Hyche taped the lighter to the side of the bottle.
There is no argument with the principle that a weapon or other instrumentality used in the commission of a crime is admissible in evidence when properly identified. Deloach v.State, 356 So.2d 222, 230 (Ala.Cr.App.), cert. denied, Ex parteDeloach, 356 So.2d 230 (Ala. 1978). The general rule with regard to the admission into evidence of physical objects is stated in Washington v. State, 339 So.2d 611, 615
(Ala.Cr.App.), cert. denied, 339 So.2d 616 (Ala. 1976):
 "Before a physical object connected with a commission of a crime may properly be admitted in evidence there must be a showing that such object is not only the same one, but is in substantially the same condition as when the crime was committed. In making this determination, the trial judge should consider the nature of the article and the circumstances surrounding its preservation and custody."
The requirement is only that the article be in "substantially
the same condition." Hodges v. State, 48 Ala. App. 217, 224,263 So.2d 518 (1972) (emphasis added) (shotgun admissible despite fact that lever broken off by state toxocologist). It need not be in exactly the same condition.
 "It is not necessary that an object or article which is offered in evidence should be in precisely the same condition at the moment of its offer as at the time when it played a part in the occurrence which gave rise to its offer in evidence, but the change in its condition must not have *Page 541 
been wrought for unjustifiable purposes, and it must not be of sufficient moment that the exhibit will mislead." 29 Am.Jur.2d Evidence, Section 774 (1967).
"The determination of whether there has been a change, so substantial or material, in an article or object, that is should not be admitted rests largely in the discretion of the trial court, and it is not necessary that the article be identically the same as at the time in controversy." 32 C.J.S.Evidence § 607 (1964). As with photographs, "(t)he fact that the conditions as shown in the photograph are not exactly the same as they were at the time of the event in suit does not render it inadmissible where the differences are immaterial and are explained so that no harm is done the opponent." C. Gamble,McElroy's Alabama Evidence, Section 123.03 (4) (3rd ed. 1977).
In our opinion the trial judge did not abuse his discretion in admitting the plastic bottle with the cigarette lighter taped to its side. The State never contended that this bomb or device was in the same condition at trial as when removed from the defendant's possession. This fact was made clear to the jury.
There was no dispute that the bottle contained gasoline. The defendant admitted possession of the gasoline-filled bottle and maintained that it was for his personal protection. Under these circumstances, any contention that the bottle was inadmissible because it did not contain the gasoline and paper wick is so unreasonable as not to warrant further comment. Thornton v.State, 43 Ala. App. 66, 68, 179 So.2d 776 (1965).
 III
The Chief of the Jasper Fire Department was allowed to testify to the consequences and effects of throwing a plastic bottle filled with gasoline and having a "lit" wick against a solid object. He testified that he was "familiar with explosive devices and molotov cocktails and such as that" and had attended at least seven schools "on fires and such" during his twenty-one years with the Jasper Fire Department. The fire chief was qualified to give his opinion. See Wilcutt v. State,41 Ala. App. 25, 32, 123 So.2d 193, cert. denied, 271 Ala. 315,123 So.2d 203 (1960).
Moreover, this issue was not properly presented to the trial court nor preserved for review. Immediately before the fire chief took the witness stand, defense counsel made the following objection: "We move to exclude the Fire Chief's testimony on the grounds that he was not a witness to it and it would be hearsay testimony." The issue of the fire chief's qualifications to testify as an expert was not raised at trial.Jackson v. State, 387 So.2d 316, 317 (Ala.Cr.App. 1980); Smithv. State, 18 Ala. App. 45, 46, 88 So. 350 (1921). Additionally, the motion to exclude the chief's testimony, being made before any testimony had been given or objection made, was premature.Milligan v. State, 208 Ala. 223, 227, 94 So. 169 (1922).
 IV
The evidence was sufficient to support the verdict of the jury.
There was no material variance between the indictment describing a glass bottle and the proof showing a plastic bottle so as to affect the substantial rights of the accused or be substantially injurious to the defendant in making his defense. United States v. Bottom, 638 F.2d 781, 783 (5th Cir. 1981); Coker v. State, 396 So.2d 1094, 1096 (Ala.Cr.App. 1981). An averment in an indictment charging the use of a particular weapon is substantially proved by evidence that some other instrument was employed which occasions a wound of the same kind as the instrument charged and the same consequences naturally follow. Wesson v. State, 251 Ala. 33, 36 So.2d 361
(1948); Matthews v. State, 51 Ala. App. 417, 286 So.2d 91
(1973); Threatt v. State, 32 Ala. App. 416, 417-418,26 So.2d 530 (1946).
There can be no serious dispute as to the sufficiency of the evidence in this particular case. The State's evidence revealed that the defendant had had an argument with his brother-in-law. The brother-in-law *Page 542 
testified that while the defendant was standing on his front porch he told the defendant he had a gun and told the defendant to leave. The brother-in-law then heard someone respond that he was going to burn the house down. The defendant left only after the brother-in-law fired his gun in the air and in the ground.
Shortly after this the defendant was arrested by the police in a vacant lot next to the apartment armed with the plastic bottle containing gasoline in one hand and the cigarette lighter in the other. Whether the defendant had the gasoline to protect himself from his brother-in-law who had been shooting at him or whether the defendant intended to use the explosive in the commission of a crime involving violence or destruction was a question for the jury.
We have reviewed all the issues presented on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.