James Kelly Bell was indicted for the attempted murder of Ricky Gibb in violation of Alabama Code 1975, § 13A-4-2. A jury convicted him of the lesser included offense of assault in the first degree. Sentence was twenty years' imprisonment. Four issues are raised on appeal.
 I
The defendant argues that the victim's shirt should not have been admitted into evidence because the shirt was not in substantially the same condition at trial as it was immediately after the stabbing. In the emergency room after the stabbing, the shirt was cut down the back in order to remove it from Mr. Gibb. The shirt had also been laundered.
Despite its alteration, the shirt was properly admitted into evidence because it tended to show the character, location and nature of the wounds. Berard v. State, 402 So.2d 1044, 1047
(Ala.Cr.App. 1980). "It is a long established rule of this State that demonstrative evidence, such as clothing worn by the deceased at the time of the killing, is admissible if it tends to shed light on any material inquiry, even though such evidence is only cumulative of other evidence and tends to inflame the jury." Flannagin v. State, 289 Ala. 177, 180,266 So.2d 643 (1972).
"`The determination of whether there has been a change, so substantial or material, in an article or object, that it should not be admitted rests largely in the discretion of the trial court, and it is not necessary that the article be identically the same as at the time in controversy.'" Farris v.State, 432 So.2d 538, 541 (Ala.Cr.App. 1983); Scott v. State,409 So.2d 978 (Ala.Cr.App. 1981).
 II
The trial judge properly refused to give the defendant's requested instruction on assault in the third degree.
Initially, we note that this alleged error has not been preserved for review. Outside of the jury's presence and before the State's rebuttal witness had finished testifying, the trial judge informed counsel, "I'm denying the charges." Twenty of the defendant's written requested charges were denied. Defense counsel responded, "We except to each and every one of them he has denied." At the end of the court's oral charge, defense counsel announced, "We have already recorded our exceptions, Your Honor."
This is far from the type of objection necessary to preserve error. Ex parte Allen, 414 So.2d 993 (Ala. 1982). "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the groundsof his objection." Rule 14, A.R. Cr.P.Temp. (emphasis added).
More significantly, however, the requested charge was properly refused because there is simply no reasonable theory from the evidence to authorize a conviction for assault in the third degree. Mrs. Carol Gibb testified that four men attacked her and her husband, Ricky Gibb, and that the defendant stabbed her husband twice in the back with a knife. Gibb's injuries were very serious and could have caused death.
The defendant testified that he saw a confrontation between Mr. Gibb and his companion Byron Hail. The first thing he saw was Gibb hitting Hail over the head with an umbrella. The defendant testified that he ran up to the two men, "reached up and tried to snatch the umbrella, but by that time he [Gibb] was falling back." The defendant testified that he never hit Gibb and did not remember touching him, but was trying to snatch the umbrella out of Gibb's hands. *Page 624 
Under these circumstances, there was simply no reasonable theory to support a conviction for third degree assault, because there is no evidence that the defendant only intended to cause the victim any physical injury. For assault in the third degree, the defendant's intent can only be to cause physical injury, not serious physical injury. Alabama Code 1975, § 13A-6-22.
 III
The trial judge refused to give the defendant's requested charge, which stated his theory of the case. That charge stated:
 "DEFENDANT'S THEORY OF THE CASE
 "It is the Defendant's, James Kelley Bell, theory of the case that Byron [Hail] was the individual who stabbed the victim, Ricky Gibb, and he did so without the prior knowledge or consent of this Defendant."
Again we note, for the same reasons articulated in Issue II, that this issue has not been preserved for review.
"[T]he court has the right to state to the jury the general tendencies of the evidence, or the theories of the defense and of the prosecution." White v. State, 209 Ala. 546, 550,96 So. 709 (1923). However, "[i]n charging the jury, the judge shall not express his opinion of the evidence." Rule 14, A.R.Cr.P.Temp.
Here, the requested charge was properly refused because it did not state that the theory was based on evidence. "An instruction which fails to state that the different theories are based on evidence is improper." 23A C.J.S. Criminal Law § 1190 (1961), citing Sanford v. State, 143 Ala. 78, 39 So. 370,373 (1905).
 IV
After the jury had been deliberating for some time, it requested instructions on the "Code definition of first degree assault and attempted murder." The trial judge gave the definitions with some explanation and further charged that "these two definitions, . . . have to be considered with what I have already told you about the complicity" and gave a short definition of complicity from the statute.
Defense counsel made "an exception as to complicity since they didn't ask for instructions as to complicity."
On appeal, the defendant contends that the trial judge should have instructed the jury that the additional instructions must be regarded with all other instructions given and that, by giving the additional nonrequested instruction on complicity, the trial judge became an interested advocate rather than an impartial arbiter.
We recognize the principles behind these arguments. When additional or supplemental instructions are given, "the court should admonish the jury that the additional instructions must be regarded with all the other instructions given." Flowers v.State, 402 So.2d 1118, 1120 (Ala.Cr.App. 1981). "When a jury calls for additional instructions and clearly delineates the area of its request, it is usually better for the trial court to remain within such area. To do otherwise ofttimes tends to appear to place the trial judge in the role of an interested advocate rather than an impartial arbiter." East v. State,339 So.2d 1104, 1106-07 (Ala.Cr.App. 1976). However, that principle is not ironclad. A trial court "is not confined strictly to the point presented by the jury, but may in its discretion go beyond such point, provided the jury are not thereby misled to the prejudice of the accused." 23A C.J.S. Criminal Law § 1376 (d)(1) (1961).
We have reviewed the trial judge's conduct and comments in the trial of the defendant as contained in the record and find that the defendant's challenge to the judge's impartiality is without merit and that the additional instructions had no tendency to mislead the jury.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 625