TYSON, Judge.
Cecil Nathan Herron was charged with and convicted of the first degree murder of Walter Luke Evans in violation of § 13A-6-2, Code of Alabama 1975. This followed a trial in September of 1984. His trial at that time was consolidated with that of his codefendant, David Berry Hill. Both were found guilty of murder and sentenced to 99 years’ imprisonment in the state penitentiary.
This court subsequently reversed and remanded both cases for a new trial. See Herron v. State, 481 So.2d 425 (Ala.Crim. App.1985); Hill v. State, 481 So.2d 419 (Ala.Crim.App.1985). In both cases we held that the two cases had been improperly joined for trial because the defendant’s defenses were “not only hostile and antagonistic, [but] were also ‘mutually exclusive’ and irreconcilable.” Herron, supra at 430; Hill, supra at 424.
This appellant was retried for the same offense in July/August of 1986. The jury found him guilty of murder and he was again sentenced to 99 years’ imprisonment in the state penitentiary. It is from this second conviction and sentence that the appellant, Cecil Nathan Herron, prosecutes this appeal.
The details of the brutal stabbing death of Walter Luke Evans, and the other events leading up to and following the murder, are sufficiently and accurately covered in our previous opinions. Herron, supra, Hill, supra. The appellant does not raise the sufficiency of the evidence as an issue on this appeal; therefore, we will not restate those details here.
I
The appellant contends that the trial court erred in admitting into evidence the shirt worn by the victim at the time of the murder.
When the shirt was admitted during trial, the appellant contends it was “covered with blood stains” and was in an “extremely mutilated” condition. (Brief of appellant p. 31). Uncontroverted evidence showed that the victim in this case had been stabbed “numerous times”. (Brief of appellant p. 30). Uncontroverted evidence also showed that the paramedics who treated the victim had cut the shirt with scissors in order to remove it from the victim’s body. (Brief of appellant p. 31; R. 127, 128, 164).
The appellant contends that the shirt was erroneously admitted since it was not in the same condition at trial as it was at the time the stabbing occurred. He argues that the *109 probative value of this evidence was “grossly outweighed” by the prejudicial effect of its admission.
This same argument was recently rejected by this court in a similar case. In Bell v. State, 473 So.2d 622, 623 (Ala.Crim.App. 1985) “the [victim’s] shirt was cut down the back ... in the emergency room after the stabbing ... in order to remove it from [the victim].” Bell, supra at 623. This court held:
“Despite its alteration, the shirt was properly admitted into evidence because it tended to show the character, location and nature of the wounds. Berard v. State, 402 So.2d 1044, 1047 (Ala.Cr.App. 1980). ‘It is a long established rule of this State that demonstrative evidence, such as clothing worn by the deceased at the time of the killing, is admissible if it tends to shed light on any material inquiry, even though such evidence is only cumulative of other evidence and tends to inflame the jury.’ Flannagin v. State, 289 Ala. 177, 180, 266 So.2d 643 (1972).
“ ‘The determination of whether there has been a change, so substantial or material, in an article or object, that it should not be admitted rests largely in the discretion of the trial court, and it is not necessary that the article be identically the same as at the time of controversy.’ Farris v. State, 432 So.2d 538, 541 (Ala.Cr.App.1983); Scott v. State, 409 So.2d 978 (Ala.Cr.App.1981).”
Bell, supra at 623 (emphasis added).
In the case at bar the jury was sufficiently informed that the shirt was not in exactly the same condition at trial as it was when the stabbing occurred. The fact that the shirt had been subsequently cut with scissors was mentioned in the testimony of the paramedic who treated the victim. (R. 127-128). The appellant admits in his brief that the shirt gave rise to an inference of the “character, location and nature of the wounds.” Bell, supra; Brief of appellant, p. 31.
The appellant’s reliance in brief on Lee v. State, 364 So.2d 687 (Ala.Crim.App.1978) is misplaced. In Lee, articles of clothing belonging to a murder victim were introduced into evidence. The appellant later discovered that the clothing contained a cut for which no explanation had been offered. The trial court then excluded the clothing. This court held that the trial judge had properly excluded the clothing where “it was shown that the clothing ... had been cut or otherwise altered after being removed from [the victim’s] body...” Lee, supra at 693 (emphasis added).
We hold, therefore, that the trial judge committed no abuse of his discretion in admitting the shirt into evidence in this cause.
II
The appellant contends that the trial court erred in denying his request that the jury be instructed “that promoting prostitution third degree is a misdemeanor and not a felony_” (Brief of appellant p. 32).
After the trial judge charged the jury, he asked if there were any exceptions. The appellant replied: “There are none, your honor.” (R. 548). The jury then retired for deliberations.
The jury subsequently requested additional instructions on aiding and abetting. The instructions were given with no exception by the appellant. (R. 556, 563). The jury then requested that certain testimony be read. (R. 576). Following the reading of the testimony, the court cautioned the jury not to place more emphasis on this testimony. He then reinstructed the jury on aiding and abetting. (R. 577-580). In response to a question from the jury the trial judge again instructed the jury at great length on the offense of aiding and abetting:
“The statute says, ‘A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense he procures, induces or causes such other person to commit the offense or he aids or abets such other person in committing the offense. Any word or act contributing to the commission of a felony, intended and *110 calculated to insight (sic) or encourage its accomplishment, brings the accused within this section, which makes each person concerned in the commission of a felony, directly or indirectly, a principal. All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid or abet in its commission, must be indicted, tried and punished as princi-pals_(R. 581) (emphasis added)
The trial judge’s instructions continue through two more pages of the record. (R. 582-583). The jury once again retired to the jury room to continue its deliberations at which time the following occurred:
“MR. MAYS: I have an exception, Your Honor. Based on the evidence in this cause I think the court instructions to the jury, though correct, was somewhat misleading as to one point. There was evidence in this cause that there is a possibility tht the defendant, Cecil Her-ron, participated to at least some extent in the arrangement of procuring the woman for Mr. Evans. This of course is a misdemeanor in the State of Alabama. And we would ask the court to make it clear that the aiding and abetting that they must find that Mr. Herron was involved in was aiding and abetting the killing and not aiding and abetting the arrangement for the prostitution. We would ask the Court to make it clear to the jury, please sir.
“THE COURT: I believe I stated the aiding and abetting must be in the commission of a felony.
“MR. MAYS: I don’t think the jury is aware whether pimping or whatever is a felony. I don’t think that has been made clear to them, sir.
“THE COURT: I believe we will just let it stand like it is.” (R. 585-586) (emphasis added).
We note at the outset that the appellant did not object to this charge until after the jury had retired to continue their deliberations. (R. 584). Thus, this issue was not properly preserved for our review. See Johnson v. State, 460 So.2d 244 (Ala.Crim.App.1984); Rule 14, A.Temp.R. Crim.P. Nevertheless, we have considered the appellant’s contentions and find them to be without merit. See Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981), aff’d Allen v. State, 414 So.2d 993 (Ala.1982).
The appellant argues, in effect, that the jury was confused as to the nature of the charge against him, i.e., the jury thought that he could be found guilty of aiding and abetting the promotion of prostitution instead of aiding and abetting the killing at issue. (Brief of appellant p. 35, R. 585).
The appellant states in his brief: “Had this been a trial for promoting for prostitution third degree there would have been an abundance of evidence that [he] was guilty of promoting and encouraging that offense.” (Brief of appellant p.-35) (emphasis added). Indeed, this appellant was not charged with that offense; he was charged with murder based upon an aiding and abetting theory.
We can find no evidence in the record that the jury was misled in the manner asserted by the appellant. There is nothing in the record which indicates that the jury was confused with respect to the nature of the charge against the appellant. Neither do we find that the instructions themselves were misleading.
The trial judge charged the jury on aiding and abetting on four separate occasions; the appellant did not enter an objection until after the fourth charge had been given. The appellant’s requested instruction that promoting prostitution was a misdemeanor and not a felony would only have added to the jury’s apparent confusion concerning the theory of aiding and abetting. The requested instruction was, therefore, unwarranted, and the trial judge committed no error in refusing to give it. See U.S. v. Pruitt, 763 F.2d 1256 (11th Cir.1985), cert. denied, — U.S. - , 106 S.Ct. 856, 88 L.Ed.2d 896 (1986).
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.